## STATE EX REL. C. L. HILTON v. VILLAGE OF KINNEY AND OTHERS.[1]

### July 16, 1920.

### No. 21,623.

**Election — validity not affected by injunction, when.**

1. A preliminary injunction restraining the holding of an election, issued by a court having no jurisdiction of the subject matter of the action, did not affect the validity of the election held in violation of the injunction. The election was not contested, and its legality cannot be inquired into now.

**Annexation of territory to village — quo warranto.**

2. To test the legality of an annexation of territory to an incorporated village, the attorney general may elect to proceed either in this court or the district court.

**Same.**

3. Quo warranto is the proper proceeding by which to make the test.

**Same — conformity to statute does not prevent inquiry by the courts.**

4. Although territory has been annexed to an existing village in conformity to the statutory requirements, the courts are not precluded from determining whether such territory is so conditioned as to be capable of annexation.

**Same — when courts should not invalidate action of voters.**

5. The legislature has committed the determination of that question, in the first instance, to the village council and the legal voters of the territory to be annexed and the courts should not set aside such determination, unless the evidence is clear that the annexed territory is not so conditioned as properly to be subjected to village government.

[1] Reported in 178 N. W. 815.

**Writ quashed.**

6. Under that rule it is *held* that the annexation herein challenged should not be disturbed.

Upon the relation of Clifford L. Hilton, Attorney General, the supreme court granted its writ of quo warranto directed to the village of Kinney and its officers and trustees to determine the legality of the annexation of certain territory to that village. Writ quashed.

*Clifford L. Hilton,* Attorney General, and *Washburn, Bailey & Mitchell,* for relator.

*Luke F. Burns, Warner E. Whipple* and *Frank E. Randall,* for respondents.

HOLT, J.

Quo warranto in this court to determine the legality of the annexation of certain territory to the village of Kinney in St. Louis county. The village, as originally incorporated, embraced only one forty, the platted portion being located within the north 20 acres thereof. By two successive annexations 1,140 acres were added, and by the one now questioned the village territory was again increased by 1,560 acres or 39 forties. Thirty-five of these forties did not have a single inhabitant, the other four contained a population of 108 persons, only ten of whom were legal voters. At the time the annexation proceedings started, the Cleveland Cliffs Iron Company was about to open a mine, called the Wade location, on the annexed territory, at a place a mile east of the platted portion of the village. When this writ was applied for, about 250 persons were working in the mine, 139 of whom resided on the location, the others lived in the platted part of the village or in adjoining towns. About 250 persons then resided on the location. These people are largely dependent upon the stores, schools, churches and places of amusement found in the platted portion of the village. This mining company owns or controls six forties of land, and a large body of ore is contained thereon. In all probability it will take 12 or more years to exhaust the same, working with a force of the present size. The valuation placed on much of the other land included in the last annexation indi-

cates the presence of ore bodies thereon. None of the land is adapted or used for farming.

When the Cleveland Cliffs Company learned that the village council had approved the petition for annexation and had fixed a day for an election to vote on the proposition, it promptly instituted an action in equity in the Federal court to enjoin the village and the persons designated by the council as election judges from conducting the election. A preliminary injunction was issued and served upon the village and two of the election judges, but the judge not served called in two other voters to act as judges, and the election was held at the time and place designated. Six votes were cast, all in favor of the annexation, and the proper certificate was made and action taken to complete the annexation as provided by law. On final hearing the Federal court determined that it was without jurisdiction, set aside the preliminary injunction, and dismissed the suit.

The Federal court having held that it never had jurisdiction, its writ was void and of no effect upon the validity of the election. It is urged that, nevertheless, the election should be declared unfair and invalid, because most of the decent legal voters, knowing of the injunction, refrained from voting. The record does not show that any one of the voters who respected the injunction would have voted against annexation. Furthermore, the mining company, which wrongfully interfered with the election, and which is back of this proceeding, should not now reap any advantage from the wrongful and abortive injunction suit. The election must therefore be regarded as valid, and not open to question in this proceeding. The legality of the votes cast, or the rightful authority of the persons who acted as judges of election to officiate, cannot be inquired into now. Those were matters to be determined, if at all, in an election contest. State v. Village Council of Osakis, 112 Minn. 365, 128 N. W. 295.

It is suggested that this proceeding ought to have originated in the district court, but in State v. St. Paul & Sioux City R. Co. 35 Minn. 222, 28 N. W. 245, Chief Justice Gilfillan said: "As between the remedy in this court by quo warranto and that by action in the district court, it is for the attorney general, to whom the interests of the state in such cas-

es are intrusted, to determine which he will pursue." This statement is cited with approval in State v. Village of Kent, 96 Minn. 255, 104 N. W. 948, 1 L.R.A.(N.S.) 826, 6 Ann. Cas. 905. While it is true that the mining company is very much interested in this matter, as appears from the petition for the writ and from the fact that its attorneys alone have tried and argued the case, the attorney general has sponsored the same, and he represents the public in seeing that municipal corporations exercise their authority within the limits prescribed by law. He has therefore the right to select this court, if he deems it advisable, as the forum wherein to begin the proceeding.

The respondents' claim that quo warranto is not the proper remedy must be overruled on the authority of State v. Board of Co. Commrs. of Crow Wing County, 66 Minn. 519, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L.R.A. 745.

Notwithstanding that the annexation was made in strict conformity to law, the courts are not precluded from determining whether or not the territory added is so conditioned, within the purview of the statute, that it could be annexed. Section 1800, G. S. 1913, provides that "any territory containing a population of not less than 75 persons, and not included in any incorporated city or village, but adjoining any city or village now or hereafter existing under the laws of the state of Minnesota, and no part of which territory is more than one and one-half miles from the present limits of the city or village which it adjoins, may be annexed to such city or village and become a part thereof." The territory here involved meets all the statutory requirements. But we held in State v. Village of Gilbert, 127 Minn. 452, 149 N. W. 951, that the unplatted territory annexed must have the same qualification as prescribed by section 1204, G. S. 1913, for like land in the original incorporation, namely, it "must be so conditioned as properly to be subjected to village government." In the case cited, as well as in State v. Village of Dover, 113 Minn. 452, 130 N. W. 74, 539, the anticipated occupation of the land in the near future by a population suitable to enjoy village government is regarded as a good reason for including the same in the incorporation. And in the case of State v. Village of Alice, 112 Minn. 330, 127 N. W. 1118, it was held that the fact that the lands included "are suitable for

mining purposes might be a reason why it would be proper so to include them; for lands of that class may, and usually do, derive a benefit in many ways from being included within the limits of a municipality, such as the benefit of police protection, water, lights, and sewage. * * * The legislature has recognized this fact by providing for the detaching of lands used for agricultural purposes from villages, but retaining land used for manufacturing or mining purposes. Laws 1907, p. 294, c. 221. Again, if it be a fact that a large portion of the male inhabitants residing on the platted portions of the village work in the iron mine on section 12, and that it is necessary to include it in the village limits, so that streets may be laid over it and sidewalks constructed, and to subject it to the police regulation of the village, in order to conserve the comfort, convenience, and health of the people living in the village proper, such facts would be material in determining the legality of the incorporation of the village." On facts thereafter stipulated to be substantially as alleged in the respondents' answer, the incorporation was held valid in State v. Village of Alice, 114 Minn. 195, 130 N. W. 948.

It cannot be denied that that part of the territory where the majority of the petitioners for annexation resided was so conditioned as properly to become a part of the village. It was so near the platted part of the village as to be somewhat suburban in character. And it would seem that the six forties owned by the Cleveland Cliffs Mining Company, with the mine thereon situate but a mile from the platted portion of the village, are so near and have such natural connection with the village, and the people residing thereon have also such a community of interest with the village, that all of said forties may be properly subjected to village government. The record shows no desire of any one interested in the annexed territory to be rid of the village dominion, except this mining company. The conditions as to the annexation here in question are so similar to those existing in the Gilbert annexation in 127 Minn. 452, 149 N. W. 951, and in the incorporation of the village of Alice, 112 Minn. 330, 127 N. W. 1118, and 114 Minn. 195, 130 N. W. 948, that the same result must obtain. The area and the character of the land in the annexation here involved, the number of residents now thereon, the population of the village proper, and the community of interests between

the people living or working on the annexed territory and those in the platted village, cannot be distinguished in any substantial degree from the Alice and the last Gilbert cases.

It may be said that the privilege granted by section 1800, G. S. 1913, is abused in that it gives a village, starting with a forty-acre tract, the opportunity to expand a mile and a half all around by each successive annexation, and thus enables it ultimately to embrace all the mines on the range, except as it may be checked by other villages equally enterprising, for territory already within an incorporated city or village may not be annexed. However, the reading of the law is clear that the limitation of area annexable is not to be measured from the boundaries of the original village, but from the boundaries as they exist at the time a petition for annexation is made. If the law is too elastic the remedy is with the legislature. The formation and expansion of municipal corporations is a legislative and not a judicial problem. The legislature has committed the expansion of the boundaries of existing villages wholly to the judgment of the village council and the legal voters of the territory to be added. That judgment, when exercised in conformity to law, should not be set aside by the courts, unless the evidence clearly demonstrates that the land annexed is not suburban in character and not likely to become such in the near future, or that no community of interest exists or is likely to exist between the village inhabitants and those who occupy or are about to occupy the annexed territory as a place of residence or work.

Our opinion is that the writ should be quashed. So ordered.