# STATE EX REL. CARL G. ERICKSON AND OTHERS v. ROBERT GRAM AND OTHERS.[1]

October 29, 1926.

No. 25,825.

**Act of 1923, for detachment of territory from village, valid.**
1. Chapter 352, L. 1923 (G. S. 1923, §§ 1413-1415, inc.), is plain and complete in its language as to the matters which it purports to cover, and is valid.

**Act not subject to objection that its provisions are indefinite.**
2. The act is not invalid or subject to the objection that its provisions are vague, uncertain and indefinite.

Municipal Corporations, 28 Cyc. p. 194 n. 5; p. 195 n. 6, 7, 8; p. 196 n. 11; p. 283 n. 2.
Statutes, 36 Cyc. p. 969 n. 91; p. 1103 n. 90.

Mandamus on the relation of Carl G. Erickson and others to compel the common council of the village of Richfield to submit to the voters the proposition of detaching certain territory from the village. There were findings for the relators. The respondents in the writ appeal from the order denying their motion for a new trial. Affirmed.

*G. A. Will*, for relators.
*M. A. Jordan, R. V. Gleason* and *Thomas Kneeland*, for appellants.

QUINN, J.

Richfield is a village organized under an act of the legislature, and adjoins the southerly limits of Minneapolis, a city of the first class. The territory which it is proposed to detach from the village and annex to the city is about one mile in width, north and south, and four and a half miles long, east and west.

[1]Reported in 210 N. W. 616.

In March, 1926, a petition in due form was circulated and signed by the requisite number of qualified persons, and subsequently duly presented to the village council asking that body to submit to the voters of the village, for their approval or rejection at the next regular village election or at a special election called for that purpose, the proposition of detaching such territory from the village and annexing it to the city. The village council by resolution refused to submit the proposition to the voters upon the ground of the invalidity of L. 1923, p. 511, c. 352 (being G. S. 1923, §§ 1413-1415, inc.), upon which the petition was based.

The relators are residents and freeholders of the village and will be hereinafter referred to as the respondents. The individual defendants constitute the village council who, in connection with the village, will be hereinafter referred to as the appellants. The respondents brought this action in mandamus to compel the village council to submit the proposition set forth in the petition to the voters of the village for their approval or rejection. The defendants appeared and answered, denying that all of the petitioners were freeholders of the village; that the petition is valid or that the same was filed pursuant to any valid statute, and alleging that chapter 352 is void and of no effect because of its vague, uncertain and indefinite provisions. Otherwise the answer admits the allegations of the petition.

The cause was submitted to the court upon the petition, answer and admissions of the defendants on June 2, 1926. On June 7, 1926, the court made its findings of fact in accordance with the allegations of the petition and directed that a peremptory writ of mandamus issue as prayed for. This appeal is from an order denying a new trial.

The record upon which the case was submitted to the district court amply supports the findings and order. As we view the matter, the sole question here for review is the holding of the trial court that chapter 352 is a valid enactment of the legislature. In this we are of the opinion and hold that the court was clearly right. The fact that the city has a home rule charter in no way derogates the power

of the legislature over the municipality. 1 Dillon, Mun. Corp. § 335; 28 Cyc. 194, 195. The power of the legislature over municipal corporations is unlimited, save as to constitutional restrictions. State v. Lake City, 25 Minn. 404-414; Schigley v. Waseca, 106 Minn. 94, 118 N. W. 259, 19 L. R. A. (N. S.) 689, 16 Ann. Cas. 169; Daly v. Morgan, 69 Md. 460, 16 Atl. 287, 1 L. R. A. 757; Williams v. Eggleston, 170 U. S. 304, 18 Sup. Ct. 617, 42 L. ed. 1047. When such a law has been enacted by the legislature, the only question to be considered by the courts is whether the facts in the particular case come within the scope of the act. State v. Village of Alice, 112 Minn. 330, 127 N. W. 1118; State v. Village of Dover 113 Minn. 452, 130 N. W. 74, 539; State v. Kinney, 146 Minn. 311, 178 N. W. 815.

We find no trouble with the validity of the statute under consideration. It is plain and complete in its provisions. There is no vagueness in its language over the matters which it purports to cover. The only power which rests with the court is to interpret the act as it is written. Under this act, the voters of the village are entitled to an election in order to determine whether or not they are in favor of the detaching of the territory and the annexation thereof to the city. That is the limit of the authority vested in the voters. The next step, if the proposition carries, devolves upon the city council and the feasibility of the annexation. How the territory may be handled subsequent to annexation is not covered by the act. The apportionment of such territory to the various wards, as well as other questions which may arise, may subsequently be determined and provided for. The mere fact that the legislature did not see fit to provide for these matters does not render the act invalid. The act in itself is complete and plain insofar as it purports to go and is valid.

Affirmed.