[1] Reported in 298 N.W. 253.
The appeal is from a judgment of the district court rendered on an appeal from the final decree of distribution of a testate estate by the probate court. The will of Flora Galbraith provided:
"After the payment of such funeral expenses and debts, I next give, devise, and bequeath all of my property and estate, real and personal, left by me at my decease to my heirs at law to be divided between them in the same proportions as though I left no Last Will and Testament."
The will was made April 4, 1938, and testatrix died July 31, 1939. She died leaving no issue, spouse, father, nor mother. She left her surviving one sister. Five brothers and sisters predeceased her, each leaving issue surviving testatrix,viz., of the sister Jennie Heidel, five children survived testatrix and also one child of a deceased child; of the sister Jeannette Howe, one child survived testatrix, and five children of a predeceased child survived her; of the brother Alex Wilson, four children survived testatrix; of her brother Walter Wilson, one child survived testatrix; and of her sister Emma Ehlers, one child survived testatrix. The probate court decreed one-sixth of the $32,794.06 estate to the surviving sister, and to each of the surviving nephews and nieces a per capita share, and to the grandnephews and grandnieces per stirpes. The district court distributed one-sixth to the surviving sister, and *Page 358 
to the nephews and nieces and grandnephews and grandniecesper stirpes.
It is conceded that the statute in force at the time of testatrix' death applies. In re Estate of Fretheim, 156 Minn. 366,368, 194 N.W. 766. The statute here pertinent reads:
"(d) If there be no surviving issue, spouse, father nor mother, then to the surviving brothers and sisters, if any, and to the issue of any deceased brother or sister in equal shares if all are of equal degree and, if not, then in equal shares to those in the nearest degree and by right of representation to those in a more remote degree." (3 Mason Minn. St. 1940 Supp. § 8992-29[4][d], L. 1939, c. 270, § 1.)
It must be admitted that the language is not as clear as might be desired. Descent of property is entirely with the legislature. It is not for the courts to question the justice or propriety of the descent as to any heir or class of heirs or next of kin. The court should only search for the intention or meaning of the legislature when the wording of the statute is obscure. In so doing, other parts of the statute relating to the same subject may lend aid. Also, the history of legislation with respect to the descent of property may furnish light. And the rules of grammar are not to be ignored.
In close connection with 3 Mason Minn. St. 1940 Supp. § 8992-29(4) (d), is § 8992-29(4) (e), reading:
"If there be no surviving issue, spouse, father, mother, brother, sister, nor issue of any deceased brother or sister, then in equal shares to the next of kin in equal degree, except," etc.
Before the enactment of L. 1939, c. 270, subds. (d) and (e) read thus:
"(d) If there be no surviving issue, spouse, father nor mother, then in equal shares to the surviving brothers and sisters, and to the issue of any deceased brother or sister by right of representation; *Page 359 
"(e) If there be no surviving issue, spouse, father, mother, brother, nor sister, then in equal shares to the next of kin in equal degree except," etc.
It is to be noted that by the last change — L. 1939, c. 270 — the legislature made clear that if there was issue of a deceased brother or sister, even if all the brothers and sisters were dead as well as those nearer related, (d) governs the descent and not (e). So the descent must be by stirpes in this instance, where there was left surviving one sister, nephews, and nieces (children of five predeceased sisters and brothers) and also grandnephews and grandnieces (children of deceased nephews and nieces).
As (d) now reads, it is apparent that grandnephews and grandnieces are included, and taken out of the next of kin class or (e). L. 1939, c. 270, was not a codification like R. L. 1905 or even the probate code of 1935, but an amendment of the latter, and it must be assumed that there was a purpose to change the law of descent and not merely to improve the language of the existing law. And this appears to us to have been done by moving the next of kin class one more step or degree away from decedent than it was as left by the prior statute, L. 1937, c. 435.
The history of the legislation in respect to descent of property is found in Pub. St. 1849-1858, c. 37; G. S. 1878, c. 46, § 3(5, 6); G. S. 1894, §§ 4471(5, 6), 4476; R. L. 1905, § 3648(4, 5); G. S. 1913, § 7238(4, 5); L. 1917, c. 272, amending G. S. 1913, § 7238(4, 5); G. S. 1923, and 2 Mason Minn. St. 1927, § 8720(4, 5). It is significant that from the beginning there was a naming of the relations that would take, and if none of those named were living or had issue living then to the next of kin. Those named took per stirpes and those designated next of kin per capita. Staubitz v. Lambert, 71 Minn. 11,73 N.W. 511; Swenson v. Lewison, 135 Minn. 145, 160 N.W. 253; In re Estate of Fretheim, 156 Minn. 366, 194 N.W. 766; In re Estate of Thompson, 202 Minn. 648, 279 N.W. 574.
Speaking of the situation in this case, the trial court in the memorandum attached to the findings says: *Page 360 
"Originally there were 14 such nephews and nieces but two passed on before testatrix, and left issue constituting grandnephews and grandnieces of testatrix.
"The nearest in degree of kinship to testatrix is the living sister, Kate Staples.
"The next in degree are the 12 surviving nephews and nieces.
"The most remote are the grandnephews and grandnieces.
"Applying the statute, we find that if all the heirs are of equal degree of kinship to testatrix they would share equally; so, if all six of the brothers and sisters survive, they would each receive one-sixth of the estate.
"If they had all predeceased testatrix all of the original 14 nephews and nieces surviving, they would each receive one-fourteenth of the estate.
"If all of the nephews and nieces predeceased the grandnephews and grandnieces, that class would take the entire estate, share and share alike.
"We do not have a situation with only one group of heirs of testatrix. The statute specifies in such case, the estate shall go in equal shares to those in the nearest degree, (Kate) who inherits per capita, and the issue of deceased brothers and sister (surviving nephews and nieces), by right of representation, which is per stirpes.
"The same rule applies to the grandnephews and grandnieces as applies to nephews and nieces.
"This leads to a division of the estate in six parts, one-sixth to Kate, and one-sixth to the heirs of each deceased brother and sister by representation.
"The 1939 Statute gives inheritance to grandnephews and nieces, and is consistent with the laws of descent of Minnesota during its existence."
We think the trial court correctly construed the statute directing the distribution of this estate.
The judgment is affirmed. *Page 361