Certiorari proceeding by Wisconsin Compensation Rating Inspection Bureau and Employers Mutual Liability Insurance Company of Wisconsin, on its own behalf and on behalf of all insurance companies transacting business of workmen's compensation insurance in Wisconsin, to review the action of the board of review of the city of Milwaukee sustaining the 1944 tax assessment against the office equipment and personal property in the possession of Wisconsin Compensation Rating Inspection Bureau in its place of business in Milwaukee, Wisconsin. From a judgment dated February 4, 1946, dismissing the petition and writ of certiorari, and affirming the assessment, relators appeal. *Page 72 
On this appeal the position of relators is that the bureau is a so-called "voluntary association" of all insurance companies licensed in Wisconsin to do compensation insurance work, and that the property in its possession is owned by those companies and is exempt from taxation by the city of Milwaukee by virtue of sub. (14), sec. 70.11, Stats. For convenience the Wisconsin Compensation Rating Inspection Bureau will be referred to as "bureau."
The legislature made provision for the organization of the bureau by enacting ch. 637, Laws of 1917, now ch. 205, Stats. The membership of the bureau consists of all companies writing workmen's compensation insurance in the state of Wisconsin, each member paying a membership fee of $500 on becoming a member of the bureau and $200 annually thereafter, and in addition thereto it is required to pay an equitable share of the cost of operating said bureau, in accordance with sec. 205.14, Stats. The bureau is required to obtain a license from the commissioner of insurance, in accordance with sec. 205.16. It is authorized to make by-laws for its government and the government of its members, which by-laws must be filed with and approved by the commissioner of insurance before they shall be effective. Sec. 205.13. Provision is made for a governing or managing committee and a rating committee, one half of the members of each committee to be chosen by stock companies and one half by nonstock companies, and in case of a tie vote in any committee the insurance commissioner shall decide the matter. Sec. 205.15.
The purpose of the bureau is to assign compensation risks to proper classes, subject to the approval of the insurance commissioner. It shall also, on behalf of all members, inspect and *Page 73 
make written surveys of all risks and file with the insurance commissioner its classification of risks and written surveys of all risks inspected by it, showing charges and credits and such other facts as are material in writing of insurance thereon, all of which information is for the common use of all member companies. The bureau selects and pays its own employees and buys and owns its own personal property, including furniture and equipment, which is the subject matter of this case. It has at no time operated for profit and at no time declared or paid dividends to anyone. The state of Wisconsin contributes no funds to the bureau and receives no money from it, except its annual license fee of $100.
Appellants contend that the bureau is an unincorporated association of all insurance companies of the state writing workmen's compensation insurance, existing for the benefit of the state and the companies; that it is formed under a special statute and not under the general statutes relating to the formation of corporations, and that no place in the statute under which it is formed is it referred to as a "corporation;" that with this true, title to the personal property in its hands is vested in the various insurance companies that are members of the bureau, and the personal property of insurance companies is exempt from taxation by local units under sec. 70.11
(14), Stats., which provides:
"70.11 The property in this section described is exempt from taxation, to wit: . . .
"(14) All the personal property of all insurance companies that now are or shall be organized or doing business in this state, except personal property of any life insurance company owned by it and used on any farm."
It is conceded that in order to discharge its duties the bureau must have certain office furniture and equipment, which is the office furniture and equipment involved in the assessment. Where the money came from to purchase the property is not considered material, nor are we particularly concerned with *Page 74 
the question of whether the bureau is a corporation if it is an entity authorized to own property. While we do not hold that the bureau is a partnership, the property owned by a partnership is subject to taxation in the name of the partnership even though the property is in fact owned by the individual members of the partnership. By the act under consideration the legislature granted rights, privileges, and powers to the bureau, consisting of all compensation insurance companies authorized to do business in the state of Wisconsin. As the learned trial judge well said:
"The bureau is created by statute, is vested with power to conduct a business for the benefit of the compensation companies, and for the incidental convenience of the commissioner of insurance in his work of supervision. The bureau possesses continuity of existence. The business which it is required to transact, implies that it shall maintain an office and employ help and necessarily that it shall have furniture and equipment for same. Also implied is the right to enter into such contracts as are necessary in the conduct of its business and affairs."
Sec. 70.11 (14), Stats. exempts only personal property of insurance companies doing business in this state. This is true because the method of taxation is provided for under ch. 76, Stats. Casualty and similar insurance companies are taxed on the basis of a license fee on the gross premiums received, under secs. 76.31 and 76.32. The bureau receives no premiums and enters into no contracts of insurance. Sec. 205.01 defines workmen's compensation insurance company as "any insurer licensed by the department of insurance, to transact the business of workmen's compensation insurance" and then distinguishes it from the rating bureau.
It is uniformly held that in order to claim exemption as such, an insurance company must be engaged as an insurer in the business of entering into contracts of insurance with an insured. 51 Am. Jur., Taxation, secs. 586, 921, 923; Anno. 146 A.L.R. 485-487. It is also held that exemption from *Page 75 
taxation, to be valid, must be clear and express, and that all presumptions are against it and should not be extended by implication. Milwaukee E. R. L. Co. v. Tax Comm.
(1932) 207 Wis. 523, 242 N.W. 312; Lincoln FireproofWarehouse Co. v. Milwaukee (1932), 208 Wis. 70,241 N.W. 623, 242 N.W. 558; Armory Realty Co. v. Olsen
(1933), 210 Wis. 281, 246 N.W. 513.
It is considered that in creating this bureau the legislature created an entity which is at least authorized to hold property, and the property so held is subject to taxation.
By the Court. — Judgment affirmed.