JOHN W. RAMALEY AND ANOTHER, *d. b. a.* F. W. RAMALEY
& COMPANY, AND BERT J. FRIEDMANN AND ANOTHER,
*d. b. a.* FRIEDMANN LIQUOR STORE, v. CITY OF
ST. PAUL AND OTHERS.[1]

June 18, 1948.

No. 34,647.

*Frederick P. Memmer,* for appellants.

[1]Reported in 33 N. W. (2d) 19.

*Bruce J. Broady,* Corporation Counsel, and *William M. Serbine,* Assistant Corporation Counsel, for respondents.

MATSON, JUSTICE.

Plaintiffs appeal from an order sustaining a demurrer to their complaint in an action for a declaratory judgment and injunction.

Pursuant to a license issued to them under city ordinance No. 7537, plaintiffs operate as "off sale" liquor dealers in St. Paul. The ordinance exacts an "off sale" license fee of $250 per year in conformity with M. S. A. 340.11, subd. 12(d), as amended by L. 1947, c. 528, which provides that "the maximum license fee for an 'Off sale' license in the cities of the first class shall be the sum of $250."

In April 1947, subsequent to the enactment of § 340.11, section 201 of the St. Paul city charter was amended to provide:

*"To secure additional revenues* the Council shall have the power, by ordinance, *to assess, levy, and collect taxes* for general or special purposes, on all subjects or objects which the City may lawfully tax, except an ad valorem tax on real and personal property and except a sales tax or excise tax on clothing, food, rent, or fuel, and except an income tax or payroll tax." (Italics supplied.)

After the charter was so amended, the St. Paul city council enacted ordinance No. 8970, reading in part as follows:

"Section 1. There is hereby levied, assessed and imposed a tax of seven hundred and fifty dollars ($750.00) per calendar year on every person, firm or corporation maintaining and operating 'Off-sale' liquor stores within the limits of the City of Saint Paul.

\* \* \* \* \*

"Section 3. If any person, firm or corporation required to pay a tax by the terms of this ordinance shall fail to pay the same on or before the fifth day of January each year, there shall be added to said tax a penalty of ten per cent."

Plaintiffs contend that the imposition of a $750 annual occupation tax in addition to the $250 is invalid, in that such purported tax and license fee constitute charges *upon and against the identical*

*privilege,* the privilege of operating an "off sale" liquor store, for which § 340.11, subd. 12(d), has established a maximum license fee of $250. In effect, plaintiffs' contention is simply that the occupation tax is nothing more than a disguised increase in the license fee in contravention of said statute. Fundamentally, we have two issues: (1) Is the tax ordinance and the levy thereunder merely a device for imposing an additional license fee, which must be paid as a condition precedent to the exercise of the right to operate an "off sale" liquor store, or is the ordinance what it purports to be, primarily a revenue measure which imposes an occupation tax upon the conduct of the business by reason of the fact that it *is being carried on* irrespective of any police power regulation or licensing of the privilege to operate? (2) Is § 340.11 solely a police power statute which has no application to the field of taxation?

1–2. It is clear that the city of St. Paul is here possessed of two separate and distinct powers, namely, the police power for the regulation and licensing of the liquor traffic and the power of taxation. The latter power arises from section 201 of the St. Paul city charter, and pursuant thereto the occupation tax ordinance was enacted.[2] This ordinance by its express words purports to impose a tax burden upon any liquor store. Its language indicates a revenue purpose. In the light of this language, we start with the same presumption that applies to a statute, namely, that the lawmaking body does not intend a result that is illegal. Where a municipal ordinance is adopted which would be lawful if intended for one purpose and unlawful if for another, the presumption is that a lawful purpose was intended, unless the contrary clearly appears. In re Diehl, 8 Cal. App. 51, 96 P. 98; Schmidt v. Indianapolis, 168 Ind. 631, 80 N. E. 632, 14 L.R.A.(N.S.) 787, 120 A. S. R. 385; 38 Am. Jur., Municipal Corporations, § 323; see, Governmental Research Bureau, Inc. v. Borgen, 224 Minn. 313, 28 N. W. (2d) 760; M. S. A. 645.17(3).

[2]It is to be noted that Minn. Const. art. 4, § 36, specifically preserves the right in the legislature to enact general laws paramount to home rule charters. Monaghan v. Armatage, 218 Minn. 108, 15 N. W. (2d) 241; State ex rel. Erickson v. Gram, 169 Minn. 69, 210 N. W. 616; 4 Dunnell, Dig. & Supp. § 6539.

Here, there is nothing to suggest a purpose contrary to the lawful one of taxation for revenue. Nothing suggests an exercise of the police power for the licensing or regulation of the liquor business. The ordinance establishes no standards of conduct or character for those engaged therein. Payment of the occupation tax confers no right or privilege to engage in the liquor traffic, and it neither enlarges nor changes any privilege already possessed. Payment is not a condition precedent to the right to do business. Failure to pay the tax, unlike a failure to pay a license fee imposed under the police power, does not make it unlawful to continue in the business. 4 Dillon (5 ed.) Municipal Corporations, § 1408. The only consequence of nonpayment is a ten percent penalty. It is characteristic of a true occupation tax that it may be imposed on the doing or carrying on of a certain business irrespective of whether the business is lawfully conducted or whether it can be or is lawfully licensed. Adler v. Whitbeck, 44 Ohio St. 539, 9 N. E. 672; Youngblood v. Sexton, 32 Mich. 406, 20 Am. R. 654. In other words, as here, there is no relation between the payment or nonpayment of the tax and the acquirement, possession, or retention of the privilege to engage in the business. Here, the privilege or right to operate could be acquired only by payment of a license fee under an entirely different ordinance. The distinction between an occupation tax upon a business and a police power license fee is that the former is exacted by reason of the fact that the business *is carried on,* and the latter is exacted as a condition precedent to the right or privilege to carry it on. In the former case, the person may rightfully commence and carry on the business without paying the tax, and in the latter he cannot do so without paying the license fee. Adler v. Whitbeck, 44 Ohio St. 539, 9 N. E. 672; see, 4 Cooley (4 ed.) Taxation, § 1784. Both as to form and substance, the ordinance indicates an exercise of the taxing power for the primary purpose of revenue.

Plaintiffs recognize the difference between a tax and a police power license, but contend that it is of no consequence here. Cases are cited to the effect that where a city has both powers it is immaterial under which power the exaction is made. Naturally, that is

true where the exaction imposed may be sustained under either power, but that is not the situation where one of the powers is limited as to the maximum amount that may be charged. Here, the police power is limited to a maximum license fee of $250. Obviously, the purported occupation tax of $750, if found to be a license fee in disguise, could not be sustained under the police power. Therefore, it is vital to determine which power the city has exercised in making the levy. Regardless of any fixed ceiling for license fees, the distinction also becomes vital in that if the total amount exacted under both ordinances is classified as a license fee it may so far exceed the reasonable expenses incurred for police power purposes that it will be held a tax in disguise and therefore invalid. See, Crescent Oil Co. v. City of Minneapolis, 177 Minn. 539, 225 N. W. 904; Barron v. City of Minneapolis, 212 Minn. 566, 4 N. W. (2d) 622; 38 Am. Jur., Municipal Corporations, § 321; 4 Dunnell, Dig. & Supp. § 6800. One of the cases cited by plaintiffs is that of Wiggins Ferry Co. v. East St. Louis, 107 U. S. 365, 375, 2 S. Ct. 257, 265, 27 L. ed. 419, 423, wherein the court said:

"* * * Whether a license fee is exacted under the power to regulate or the power to tax is a matter of indifference if the power to do either exists."

In that case the fee exacted was so limited in amount that it could be justified under either of the two powers. As to the facts involved, the court's statement was correct, but would not necessarily be so when transposed to other facts. The same court in a later decision pointed out a truth that is often overlooked, namely, that the words of each opinion "are to be read in the light of the facts of the case under discussion. To keep opinions within reasonable bounds precludes writing into them every limitation or variation which might be suggested by the circumstances of cases not before the Court. General expressions transposed to other facts are often misleading." Armour & Co. v. Wantock, 323 U. S. 126, 133, 65 S. Ct. 165, 168, 89 L. ed. 118, 123. Obviously, a city possessing both powers may exercise them independently though concurrently without the exercise of one handicapping, limiting, or qualifying the exercise of the other.

3. The occupation tax ordinance is clearly an exercise of the power of taxation under the St. Paul city charter and is a valid imposition upon plaintiffs' business unless § 340.11, subd. 12(d), which limits the maximum license fee to $250, also applies as a limitation upon the levy of an occupation tax. If § 340.11, subd. 12(d), is a limitation upon the taxing power, it would control, in that Minn. Const. art. 4, § 36, expressly preserves the right of the legislature to enact general laws which are paramount to home rule charters. Monaghan v. Armatage, 218 Minn. 108, 15 N. W. (2d) 241. The statute specifies a *maximum license fee* of $250. Although the term "license fee" is usually applied in connection with an exercise of the police power, it is at times used to describe a tax or charge for revenue purposes. It is apparent, however, that the phrase "maximum license fee," in the light of the statute as a whole, is used as part of a police power regulation and was not intended to apply as a limitation upon the taxing power. In fact, no reference is made to taxation. The entire statute, with all its related sections, is classified under police power regulations which are obviously designed for the primary purpose of regulating the liquor traffic. A maximum license fee of $250 for a city of the first class is, as to amount, not unreasonable with regard to the cost of police supervision. A charge or fee to defray the cost of police power regulation need not be so restricted in amount as to eliminate a reasonable revenue which is purely incidental to the issuance of a license. Crescent Oil Co. v. City of Minneapolis, 177 Minn. 539, 225 N. W. 904; 4 Dunnell, Dig. & Supp. § 6800. In protecting the public welfare, the nature of the business may justify, purely from a police power standpoint, a license fee large enough to operate as a restraint upon the number of persons who might otherwise engage therein. 4 Dunnell, Dig. & Supp. § 6800. Significantly, the "off sale" license fee is substantially lower than that prescribed for "on sale" dealers, which indicates that the lower limit was chosen because of the lesser police problems presented by the "off sale" business as compared to that of the "on sale." The language of the statute, as well as the amount of the

license fee, is consistent with and indicative of a police power purpose, with revenue a purely incidental matter.

To find that § 340.11 limits the taxation power of the city requires a reading into the statute of something that is not there. A tax limitation or a tax exemption is not to be established by implication or presumption. A tax limitation is nothing more than a qualified or restricted form of tax exemption. Any presumption that the payment of a license fee carries with it an exemption from taxation can only arise from a failure to observe the fundamental distinction between a license fee that is paid for the privilege or right of doing business at all as distinguished from a tax that is imposed because of the fact that the business is being operated. Exemptions from taxation will not be presumed, but must be established by clear and express language, and all presumptions are against an exemption. St. Peter's Church v. County of Scott, 12 Minn. 280 (395); State ex rel. Wisconsin C. R. & I. Bureau v. City of Milwaukee, 249 Wis. 71, 23 N. W. (2d) 501; North Platte Lodge v. Board of Equalization, 125 Neb. 841, 252 N. W. 313, 92 A. L. R. 658. An exemption from taxation is a privilege of such high order and is so rarely granted that it can be established or extended only by, and according to the reasonable and natural import of, clear and explicit language and not by implication or presumption. See, St. Peter's Church v. County of Scott, 12 Minn. 280 (395); State v. Carleton College, 154 Minn. 280, 191 N. W. 400; American Railway Express Co. v. Holm, 169 Minn. 323, 211 N. W. 467; State v. Board of Foreign Missions, 221 Minn. 536, 22 N. W. (2d) 642. Neither the language nor the obvious purpose of § 340.11 justifies an interpretation that it constitutes a limitation upon the power of the city of St. Paul to levy an occupation tax upon plaintiffs' "off sale" liquor business in addition to, and independently of, the license fee exacted pursuant to the police power.

The order of the lower court is affirmed.

Affirmed.

MR. JUSTICE KNUTSON, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case.