# DePONTI AVIATION, INC. v. STATE.

157 N. W. (2d) 742.

March 29, 1968—No. 40,167.

*George M. Scott,* County Attorney, and *David E. Mikkelson,* Assistant County Attorney, for appellant.

*Johnson & Eastlund* and *George R. Johnson,* for respondent.

OTIS, JUSTICE.

These proceedings were brought by DePonti Aviation, Inc., a subtenant of the Metropolitan Airports Commission, to review the assessment and levy of a real estate tax against three hangars located at the Minneapolis-St. Paul Metropolitan Airport in Hennepin County.[1] The trial court held the property to be exempt from taxation, and the State of Minnesota appeals.

The facts are not in dispute. The Metropolitan Airports Commission (hereinafter referred to as "the commission") was created by the legislature in 1943.[2] Its principal purpose is to promote air transportation in Minnesota. Its powers are broad and include the right to acquire property by lease. Such property is declared by law to be "for public, governmental, and municipal purposes" and "exempt from taxation by the state or any of its political subdivisions."[3]

The commission does not operate its facilities or engage in air commerce or provide air transportation, maintenance, repair, or other services. These functions are performed by commercial airlines or commercial fixed-base operators, of which DePonti is one.

The property here in question was leased by the commission to Northwest Airlines, Inc., on November 14, 1949, for a period of 2 years and 11 months, with an option to renew for like periods, not to exceed in all 29 years 'and' 2 months.[4] By the terms of the lease the tenant agreed to indemnify the commission for any tax imposed in connection with the use of the premises. Northwest Airlines constructed the three hangars which are the subject of this litigation. It assigned its lease to DePonti on June 30, 1960. Thereafter DePonti sublet portions of the property to Minneapolis Honeywell, United Airlines, and Eastern Airlines, the latter in turn subletting to the United States Marine Corps. The hangars were built for storage, aircraft maintenance, fueling, servicing, repairs, and other pur-

---

[1] The property is described as "Wold-Chamberlain Air Field, Plat 47,000, Parcel 4,500, Lease No. 8."

[2] Minn. St. 360.101 to 360.123 (L. 1943, c. 500).

[3] § 360.107, subd. 2.

[4] It is stipulated that as a matter of law the lease is one for 3 years or more.

poses having to do with aircraft operation. During the times in question they were used by DePonti and its sublessees as a part of a commercial profitmaking aviation business. After subletting, DePonti's only function was that of a landlord—managing the property, providing heat and water, making repairs, and maintaining the grounds.

The commissioner of taxation levied a tax of $12,125 on the hangars for the year 1960, assessing their true and full value on May 1, 1960, at $369,632 and their assessed value at $147,632. DePonti, proceeding under Minn. St. c. 278, asked the district court to limit the full and true value to $100,000 and the assessed value to $40,000, reducing the tax to $4,700. Thereafter, by amended petition, DePonti asserted that because the property was owned by the commission it was entirely tax exempt, but that in any event, if it were not exempt, only the interest of the tenant was taxable.

The district court granted the taxpayer summary judgment. In an accompanying memorandum, the court pointed out that the legislature has expressly stated that the use of commission property is for a public purpose and that it did not intend the commission itself to operate its facilities. That function is to be performed by lessees. The lease being for a public purpose, the court felt it also was exempt. In reaching this conclusion, the court relied only on the provisions of §§ 360.101 to 360.123 and Minn. Const. art. 9, § 1.

■    The state argues that the construction of three statutes, in addition to c. 360, compels reversal: Minn. St. 272.01, subd. 2; Minn. St. 273.19; and L. 1967, c. 908. Significantly, §§ 272.01 and 273.19 were amended at the same time by the same act, Ex. Sess. L. 1959, c. 1. The amendment to § 272.01 provided among other things that when any real property which is exempt from ad valorem taxes is leased and used by a corporation in connection with a business conducted for profit, *except where such use is relative to the use of an airport* (and various other public facilities), there shall be imposed a tax for the privilege of so using or possessing such property in the same amount as though the lessee were the owner. The amendment also constituted the taxes a debt collectible in the same manner as personal property taxes. By the same act,

Minn. St. 273.19 was amended by inserting the words hereinafter italicized as follows:

"Property held under a lease for a term of three or more years, *and not taxable under section 272.01, subdivision 2,* * * * when the property belongs to the state * * * shall be considered, for all purposes of taxation, as the property of the person so holding the same."

DePonti argues that § 273.19 does not impose a tax but merely identifies the taxpayer and in any event, so reasons DePonti, affirmance is compelled by the tax exemption specified in § 272.02(7) and § 360.107, subd. 2, and by Minn. Const. art. 9, § 1, directing that public property used exclusively for public purposes be exempt from taxation.

With respect to the 1959 amendments, we believe the legislature embodied in the title of the act a purpose wholly at variance with the position advanced by DePonti.[5] The title describes the amendments as follows:

"An act relating to the taxation of exempt real and personal property leased, loaned or made available to individuals, associations or corporations in connection with a business conducted for profit; amending Minnesota Statutes 1957, Sections 272.01 and 273.19." (Italics omitted.)

Since airports are excluded from § 272.01, and since § 273.19 applies to leases *not* taxable under § 272.01, it is inescapable that property held under DePonti's lease must be considered "for all purposes of taxation" as DePonti's property and not that of the commission. The title of the act removes all doubt as to legislative intent. Clearly the 1959 amendments were designed to tax the lessee's interest in exempt property leased to corporations engaged in the aviation business for profit, and we so hold.

■ A more troublesome question is raised by the adoption of L. 1967, c. 908, which provides in part:

"Sec. 3. * * * Nothing contained in Laws 1943, Chapter 500, or Minnesota Statutes, Sections 360.101 through 360.144, shall be construed as exempting properties, real or personal, leased from the metropolitan airports commission to a tenant or lessee who is a private person, association, or corporation from assessments or taxes.

---

[5] The significance of a statute's title is discussed in C. Thomas Stores Sales System, Inc. v. Spaeth, 209 Minn. 504, 297 N. W. 9.

"Sec. 4. The amendments herein contained will apply on the effective date of this act to the Minneapolis-St. Paul airports commission."

The state would nevertheless have us apply the law retroactively. The taxpayer argues that the legislature is presumed always to intend a change in existing law.[6] While we are not entirely free from doubt in the matter, the act seems to be drafted merely to negative an inference of legislative intent as to Minn. St. c. 360, leaving the judicial and administrative departments at liberty to construe and apply other relevant statutes as they deem proper. Significantly, however, the 1967 statute provided for an increase in the commission's debt limit and made other changes as to which the legislature apparently had reason to make the act prospective only. We have therefore concluded that the language of c. 908 does not compel a holding that prior to its adoption the legislature intended leases of the kind here under consideration to be exempt from taxation.

■ In construing § 360.107, subd. 2, and Minn. Const. art. 9, § 1, we have in mind the basic principle that even in the absence of statutory or constitutional provisions one of the attributes of sovereignty is tax *immunity*. State v. City of Hudson, 231 Minn. 127, 131, 42 N. W. (2d) 546, 549; Foster v. City of Duluth, 120 Minn. 484, 486, 140 N. W. 129, 130, 48 L. R. A. (N. S.) 707. However, unless the law expressly provides that tax *exemption* shall be enjoyed by a particular entity, person, or organization, all real and personal property is taxable. §§ 272.01, subd. 1, and 272.02. The presumption against tax exemption can only be rebutted by "clear and express language." Ramaley v. City of St. Paul, 226 Minn. 406, 412, 33 N. W. (2d) 19, 23.[7]

Section 360.107, subd. 2, simply provides that any property leased *by* the commission for purposes set out in the 1943 act is declared to be leased

---

[6] In re Estate of Galbraith, 210 Minn. 356, 359, 298 N. W. 253, 255; Western Union Telegraph Co. v. Spaeth, 232 Minn. 128, 132, 44 N. W. (2d) 440, 442.

[7] Minn. St. 645.17 provides: "In ascertaining the intention of the legislature the courts may be guided by the following presumptions:

\* \* \* \* \*

"(5) The legislature intends to favor the public interest as against any private interest."

for public purposes and is exempt. The statute does not say that property leased *from* the commission is also tax exempt. The commission is the creature of the legislature, and we find nothing in Minn. Const. art. 9, § 1, which compels tax exemption of a leasehold interest held by a private corporation engaged in business for profit. To be sure, the fee held by the commission cannot be taxed. Nor can the tax imposed on DePonti's leasehold interest be collected as a debt, since it is not governed by § 272.01. The tax can be satisfied only out of DePonti's property right in the lease. State v. Rhude and Fryberger, 266 Minn. 16, 22, 123 N. W. (2d) 196, 200.

We therefore hold that DePonti's interest in the real estate is subject to an ad valorem tax based on the value of the leasehold. The matter is reversed and remanded for a determination by the commissioner of the full and true value and the assessed value of the lease on May 1, 1960, as directed by § 273.11, and for a computation of the tax which is due accordingly.

Reversed and remanded.