## IN RE APPLICATION OF WALSH GRAIN COMPANY
## AND ANOTHER FOR REVIEW OF
## TAXES ASSESSED v. COUNTY OF RAMSEY.

167 N. W. (2d) 145.

April 17, 1969—No. 41073.

*Johnson & Thompson* and *Richard W. Johnson,* for appellants.

*William B. Randall,* County Attorney, and *H. A. Gregg* and *Thomas M. Quayle,* Assistant County Attorneys, for respondent.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *C. H. Luther,* Assistant Attorney General, for the State, amicus curiae.

*George R. Johnson* and *Johnson & Eastlund,* for DePonti Aviation, Inc., amicus curiae.

PER CURIAM.

Appeal from a judgment of the district court denying the claim of appellants, Walsh Grain Company and Food Sales, Inc., that certain property leased to them by the Port Authority of the City of St. Paul, a public corporation, is exempt from real estate taxation during the years 1964 and 1965. After oral argument, leave was granted to file briefs amicus curiae. Appellants contend that exemption from taxation enjoyed by a department of the state should be extended to the department's lessee.

The Port Authority of the City of St. Paul is a public corporation organized for the purpose of developing and promoting the use of marginal lands. Pursuant to its authorized purpose, the Authority acquired land and constructed grain elevators as part of a grain terminal facility which it leased to Food Sales, which in turn subleased to Walsh. The lease and sublease provide, among other things, that the tenant "agrees to pay, or cause to be paid, before penalty attaches, all taxes, assessments (whether general

or special), fees and other charges of whatsoever nature (whether ordinary or extraordinary), levied, assessed or imposed by Federal, State or local authorities on the Demised Premises or the ownership thereof, which are due and payable during the Original Term and all Extended Terms" of the leases. The leases further provide that the tenant "shall have the right and option, at any time, * * * at its own expense, to pay any taxes or assessments under protest or in a similar manner and contest the levy or amount of the same in appropriate legal or other proceedings."

Appellants contend that the property was exempt and that a tax could not be validly levied and assessed. This argument rests on the claim that the Port Authority is a division of the state and that the legislature has in fact classified the property as tax-exempt. They claim that the grant of exemption is found in Minn. St. 458.192, subd. 2, which provides in part:

"* * * Any properties, real or personal, acquired, owned, leased, controlled, used or occupied by the port authority for any of the purposes of this section are declared to be acquired, owned, leased, controlled, used and occupied for public governmental and municipal purposes and shall be exempt from taxation by the state or any of its political subdivisions. Such exemption from taxation applies only when the port authority holds property for its own purpose. When property is sold, this exemption from taxation shall not apply, and the property shall be returned for taxation to the tax rolls. Such port authority shall have the power to execute options for purchase, sale or lease of property."

Appellants argue that the foregoing statute must be construed to mean that until sold the property remains exempt from taxation.

Respondent contends, however, that § 458.192, subd. 2, must be read in connection with L. 1965, c. 792, § 1, which amended Minn. St. 1961, § 458.197, one of the prior provisions relating to the port authority. Chapter 792, § 1, provides:

"* * * Nothing contained in the provisions of Minnesota Statutes 1961, Sections 458.09 through 458.1991, as amended, shall be construed as exempting lands leased from the port authority to a tenant or lessee who is a private person, association, or corporation from responsibility or liability for payment of assessments or taxes levied or assessed against such leased property whenever such lease expressly provides that the tenant or lessee shall be liable for taxes or assessments levied or assessed against such property during the term of such lease or any extension thereof."

This amendment clearly provides that lands leased from the Port Author-

ity are not exempt from taxation. Appellants argue that the amendment shows that the legislature must have considered that, prior to its enactment, a tax exemption for leased lands existed. In support of this contention, appellants rely on In re Estate of Galbraith, 210 Minn. 356, 298 N. W. 253; and Western Union Tel. Co. v. Spaeth, 232 Minn. 128, 132, 44 N. W. (2d) 440, 442, which says that it will be presumed "that the legislature intended to make some change in the existing law" by an amendment. They assert that the nature of the change was to terminate a prior existing exemption.

We are of the view that the trial court should be affirmed on authority of DePonti Aviation, Inc. v. State, 280 Minn. 30, 157 N. W. (2d) 742, which involved an interpretation of various statutes containing similar provisions relating to property of the Metropolitan Airports Commission, another state agency. In that case we said (280 Minn. 34, 157 N. W. [2d] 746):

"* * * [I]n the absence of statutory or constitutional provisions one of the attributes of sovereignty is tax *immunity*. [Citations omitted.] However, unless the law expressly provides that tax *exemption* shall be enjoyed by a particular entity, person, or organization, all real and personal property is taxable. §§ 272.01, subd. 1, and 272.02. The presumption against tax exemption can only be rebutted by 'clear and express language.'"

In answering the argument that the amendment involved in the DePonti case was a change in existing law, we concluded that the amendment was "drafted merely to negative an inference of legislative intent * * * , leaving the judicial and administrative departments at liberty to construe and apply other relevant statutes as they deem proper."

It seems to us that L. 1965, c. 792, § 1, expresses more clearly the original legislative intent—that when the Authority leased land acquired by it for redevelopment purposes, it should be restored to the tax rolls. The amendment in effect construes and clarifies the prior statute and must be accepted as a legislative declaration of the meaning of the original act. People ex rel. Spitzer v. La Salle County, 20 Ill. (2d) 18, 169 N. E. (2d) 521; DePonti Aviation, Inc. v. State, *supra*; 82 C. J. S., Statutes, § 384.

Affirmed.