FIRST WISCONSIN TRUST COMPANY, Trustee, Appellant, vs. TAX COMMISSION, Respondent.

*May 20—June 12, 1941.*

200

*Leo J. Federer* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

FAIRCHILD, J. A narrow question is presented on this appeal. It is whether the gains from the sale of securities and interest from investments which have been accumulated by the trustee of a fund set apart for the perpetual care of a mausoleum are taxable to the trustee under sec. 71.05 (1) (d), Stats. The terms of that statute, as set out in the statement of facts, treat with different classes of corporations and associations: (1) Religious, scientific, educational and benevolent corporations and associations; and (2) those corporations or associations not organized or conducted for pecuniary profit.

First, appellant claims that the care and maintenance of crypts in a mausoleum is religious in purpose, and that therefore the facts of this case come within the exemption statute. In answer it may be said that it is not the purpose for which

the fund is brought into existence which determines exemption rights, but rather the purpose, character, and organization of the corporation itself. It is the kind of corporation which determines a status under the exemption statute and not the particular sort of trust fund set up by such a corporation.

Second, appellant makes the claim that crypt owners become an association of individuals upon the purchase of crypts in the mausoleum. The trust instrument creates a fund which is an assurance to the purchasers of crypts that the crypts will be maintained according to a standard. The money going into that fund is derived from sources so associated with the profit and commercial venture of the creator of the trust as to give it the substance and character of income of a commercial enterprise. We are treating with the income flowing from contributions from the sale of crypts and not with the contributions themselves. The earnings of the trust fund benefit the creator for they diminish the creator's obligation of setting aside the $75 from the sales price of each crypt. The fund is in reality set aside for a particular purpose by a stock corporation organized for profit. The interest of the purchasers of crypts is protected, but they are not formed into any association.

The taxpayer must bring itself within the express terms of the exemption statute. Because it has not done so, we conclude that this income is taxable. *M. E. Church Baraca Club v. Madison,* 167 Wis. 207, 211, 167 N. W. 258; *Milwaukee E. R. & L. Co. v. Tax Comm.* 207 Wis. 523, 536, 242 N. W. 312; *Armory Realty Co. v. Olsen,* 210 Wis. 281, 291, 246 N. W. 513.

The statutory exemptions do not prevent the taxation of income merely because it is devoted to some purpose generally associated with proper and wholesome sentiments. Anything outside of the $75 contributions which tended to augment the trust fund during the time it was accumulating to the

amount of $65,000 obviously increased the amount of money received by the Fairview Mausoleum Company. That is true because of the fact that when $65,000 was accumulated the duty of the company to pay the trustee $75 on the sale of each crypt ceased. In direct proportion to the income and profits accruing to the maintenance fund, the payments owed by the company to the fund were reduced.

Sec. 71.095 (4), Stats., governs the income in the hands of the trustee. That statute provides that "all nondistributable, or contingently distributable income not distributed" shall be taxed against the trustee. *State ex rel. Wis. Trust Co. v. Widule,* 164 Wis. 56, 159 N. W. 630; *First Wis. Trust Co. v. Department of Taxation,* 237 Wis. 135, 294 N. W. 868. This income under the provisions of the trust instrument is taxable against the trustee.

Cases cited by appellant under the federal income tax law are inapplicable to the case before us. This is a tax on the income which is not exempt under our statutes. The cases cited deal with the deduction under the federal income tax law of that portion of sales prices of lots or crypts which is set aside for perpetual care.

We hold that no violation of the state or federal constitutions has occurred and that the tax was properly assessed.

*By the Court.*—Judgment affirmed.