Bowman Dairy Company, Appellant, vs. Tax Commission and others, Respondents.

*December 3, 1941—March 10, 1942.*

*Leo J. Federer* of Milwaukee, for the appellant.

For the respondents there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

The following opinion was filed January 13, 1942:

FOWLER, J.   The plaintiff is an Illinois corporation doing business within and without the state of Wisconsin.   It filed its income tax return in Wisconsin for the year 1936 and paid the normal income and surtaxes according to that return, as it then construed the taxing statutes.   An office audit was made by the taxing authorities and the taxpayer was notified that additional taxes would be imposed under sec. 71.11 *et seq.,* Stats.   On hearing, the additional taxes were imposed, the Wisconsin Tax Commission sustained the imposition, and the circuit court on review has affirmed the commission.   The facts are stipulated.

The controversy arises over the method of computing the taxes payable in 1937 on the 1936 income in view of the provisions of sec. 71.045, Stats., for deducting business losses of previous years.   The taxpayer duly filed its income tax returns for the years 1934, 1935, and 1936.   It had sustained losses on its entire business in 1934, and made gains in such business in 1935 and 1936.   Sec. 71.045, under the facts involved, provides that if a taxpayer sustained a net business loss in 1934, such loss might be offset against the net business income of 1935, and if not completely offset by that income, the remainder might be offset against the net business income of 1936.   The section concludes: "For the purposes of this section, net business income shall consist of all the income

attributable to the operation of a trade or business regularly carried on by the taxpayer, less the deduction of business expenses allowed in sections 71.03 and 71.04." Sec. 71.03 applies to corporations; sec. 71.04 to other taxpayers. There is no controversy over what business expenses were deductible by the taxpayer under sec. 71.03.

It is stipulated that the entire net losses and gains of the taxpayer as reported by its income tax returns for the years involved were as follows: 1934, net loss, $652,222.45; 1935, net income, $253,655.51; 1936, net income $1,284,509.52.

This is correct, except that income of the taxpayer on bonds held by it in 1934 was not considered in reporting its loss in that year. The taxing authority deducted this sum, $5,568.19, from the net loss reported. This deduction is conceded to have been proper, and left the total net loss of 1934 as $646,654.26.

In applying sec. 71.045,. Stats., to ascertain the taxable income of 1936, the taxing authorities deducted the gain of 1935, from the loss of 1934, which left the amount of the loss of 1934 not offset by the 1935 gain as $392,998.75. This sum the taxing authorities deducted from the 1936 gain, which gave the total net income of 1936 not covered by the first offset as $891,510.77. It is stipulated that the net income of the taxpayer not apportionable to Wisconsin business in 1936 was $441,785.61. The taxing authorities deducted this from the amount last above stated which left $449,725.16 as the total income apportionable for the year 1936.

Sec. 71.02 (3) (d), Stats., provides that persons doing business within and without the state shall be taxed only on income derived from business within the state. Under the situation here involved the amount of the taxable income attributable to business within the state is determinable as follows: "There shall first be deducted from the total net income of the taxpayer such part thereof (less related expenses, if any) as follows the situs of the property or the residence of

the recipient; . . . the remaining net income shall be appor- '
tioned to Wisconsin on the basis of the ratio obtained by
taking the arithmetical average" of three designated ratios.
It is stipulated what the designated average ratio for each of
the three years involved was which we will refer to as ratio
(1) for 1934; (2) for 1935, and (3) for 1936. The tax-
ing authorities took ratio (3) for 1936 and applied it to the
$449,725.16 above stated as the total net income of the tax-
payer attributable to Wisconsin. This gave $30,043 as the
taxable income apportioned to Wisconsin and computed the
normal and surtax income taxes of the taxpayer on that base.
This practice manifestly precisely followed the terms of
sec. 71.045.

The appellant contends that to ascertain the base on which
to compute the tax on the 1936 income, the loss and gain of
each of the three years attributable to Wisconsin business
should be separately computed according to sec. 71.02 (3)
(d), Stats., by applying ratios (1), (2), and (3) to the actual
loss or gain of each respective year attributable to Wisconsin
business, adding the result of the application of ratios (1) and
(2) to the losses attributable to Wisconsin business in 1934
and 1935, and offsetting the combined losses of these years
so determined against the income of 1936 determined by
applying ratio (3) to the gain of 1936 attributable to Wis-
consin business. The losses of 1934 and 1935 so determined
exceed the gain of 1936 so determined by $6,356. Hence
there was no income of 1936 to tax, and no tax could be im-
posed in addition to that voluntarily paid by the taxpayer upon
its own interpretation of sec. 71.045 as it then construed it.

We cannot follow the taxpayer's reasoning. Sec. 71.045,
Stats., says nothing about apportioning losses. Nor does
sec. 71.02 (3) (d). And to determine an income tax there
is no occasion to apply a ratio to losses to determine a base
for taxation under sec. 71.02 (3) (d). A loss being deter-
mined, there is nothing further to be done. Besides, sec.

71.045 says that in allowing offsets of a loss in a previous year "net business *income* shall consist of *all* the *income* attributable to the operation" of the taxpayer's business. This implies that *all* of the taxpayer's "net business income attributable to the operation" of his business in 1935 shall be taken into consideration as well as "all of his net business income attributable to the operation of his business" in 1936. All is all in the second year as well as in the third. The language of sec. 71.045 is plain and the taxing authorities followed it explicitly. But for sec. 71.045 the taxpayer would have been required to pay a tax on its entire attributable income in 1936. When the state by statute grants a favor by way of exempting from taxation, the taxpayer claiming the exemption must take the statute as it stands and bring himself plainly within its terms. This the instant taxpayer has not done.

We feel that the above is sufficient to justify affirmance of the judgment.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on March 10, 1942.