COMET COMPANY, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*April 13—May 18, 1943.*

118

For the appellant there were briefs by *Lecher, Michael, Whyte & Spohn,* attorneys, and *Thomas S. Stone* of counsel, all of Milwaukee, and oral argument by *Mr. George D. Spohn* and *Mr. Stone.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

FRITZ, J.  For the purpose of passing upon the appeal of plaintiff, Comet Company (hereinafter called "Comet"), from the judgment confirming the order of the Wisconsin board of tax appeals, which affirmed an assessment of $25,735.51 as privilege dividend taxes on dividends declared and paid by Comet in 1935, 1936, and 1937, it suffices to note the following matters.  Comet is a Wisconsin corporation.  Its assets consisted almost entirely of stock in Premier Pabst Corporation of Delaware (hereinafter called "Premier"); and Comet's principal business and income were the receipt of dividends on that stock and redistribution of this income as dividends to its own stockholders.  The portions of Premier's income attributed to Wisconsin in the years 1933 to 1937 varied from about thirty-six per cent in 1935 to forty-four per cent in 1933.  As these portions of income were less than fifty per cent of Premier's total income, Comet had to pay, in the years 1935 to 1937, $109,320.55 as Wisconsin income and surtax taxes on the income which it received as dividends from Premier, without the allowance of any deduction therefrom under sec. 71.03, Stats., because under

sub. (5) thereof the allowance of the deduction of income, which consists of dividends paid by a corporation if its principal business is attributable to Wisconsin, can be considered so attributable only "if fifty per cent or more of the entire net income or loss . . . after adjustment for tax purposes (for the year preceding the payment of such dividends) was used in computing the average taxable income provided by chapter 71." In the years 1933 to 1936 the portions of the dividends paid by Premier, which were attributable to income derived by it from property located and business transacted in Wisconsin, were: 45.4829 per cent in 1933, 35.8153 per cent in 1934, 34.5384 per cent in 1935, and 36.9175 per cent in 1936. Because of the portions of its income so derived by Premier in Wisconsin and the provision in sub. (4) of sec. 3 of ch. 552, Laws of 1935, that,—

"In the case of corporations doing business within and without the state of Wisconsin" the privilege dividend tax "shall apply only to dividends declared and paid out of income derived from business transacted and property located within the state of Wisconsin."

Premier in paying dividends to Comet deducted therefrom as such privilege dividend taxes $1,136.93 in 1935, $8,286.38 in 1936, and $5,621.16 in 1937. But Comet, upon using the income received as dividends from Premier (together with $16,801.68 of income derived from other sources), in declaring and paying dividends to its stockholders in 1935, 1936, and 1937, did not withhold or deduct from the dividends which Comet paid any privilege dividend tax, under ch. 552, Laws of 1935 (now sec. 71.60, Stats. 1941).

The Wisconsin Department of Taxation contends that because to the extent that parts of the dividends received by Comet from Premier were not attributable to income derived from property located or business transacted by the latter in Wisconsin, no privilege dividend tax was deducted on such

parts by Premier from the dividends received by Comet,— the parts of such dividends from which no such deduction has been made are not within the exemption provided in sub. (6) of sec. 3 of ch. 552, Laws of 1935, which reads,—

"The provisions of this section shall not apply to dividends declared and paid by a Wisconsin corporation out of its income which it has reported for taxation under the provisions of chapter 71, to the extent that the business of such corporation consists in the receipts of dividends from which a privilege dividend tax has been deducted and withheld and the distribution thereof to its stockholders."

In accordance with that contention the privilege taxes were assessed against Comet in the sum of $25,315.57. This assessment is in dispute herein. (Assessments of $419.94 on dividends paid out of the income of $16,801.68 derived from other sources are not in dispute.)

On the other hand, Comet contends that because Premier, in paying dividends to Comet, had deducted the privilege dividend tax on that part of the dividend attributable to income derived by Premier from property located or business transacted in Wisconsin, no part of the dividends declared and paid by Comet out of income which it received as dividends from Premier is subject to the privilege dividend tax, even though parts of the dividends so received from Premier were attributable to income derived by the latter from property located or business transacted elsewhere than in Wisconsin.

Comet's contention might have been sustainable if the legislature had permitted sub. (6) to continue as it was originally enacted in ch. 505, Laws of 1935, when it provided that the provisions imposing the privilege dividend tax—

"shall not apply to dividends declared and paid by a Wisconsin corporation out of its income which it has reported for taxation under the provisions of chapter 71, if the business of

such corporation consists in the receipt of dividends and the distribution thereof to its stockholders."

This provision in sub. (6) was superseded, however, by an amendment by ch. *552,* Laws of 1935, enacted only twelve days later, which changed that exemption by providing that the privilege dividend tax law—

*"shall not apply to dividends declared and paid by a Wisconsin corporation* out of its income which it has reported for taxation under the provisions of chapter 71, *to, the extent that* the business of such corporation *consists in the receipts of dividends from which a privilege dividend tax has been deducted and withheld* and the distribution thereof to its stockholders."

Although, under the original clause (in sub. (6) of ch. *505,* Laws of 1935) which read, "if the business of such corporation consists in the receipt of dividends and the distribution thereof to its stockholders," all dividends declared by Comet out of income received by it as dividends from Premier might have been exempt from the privilege dividend tax law, that exemption was eliminated by the amendment of sub. (6) by ch. *552,* Laws of 1935, which substituted in lieu of the original clause the new provision under which the exemption of dividends declared by a Wisconsin corporation from the tax was limited "to the extent that the business of such corporation consists in the receipts of dividends from which a privilege dividend tax has been deducted and withheld." These words are plain, clear, and unambiguous, and have a common and well-understood meaning and usage. There is no room or occasion for any doubt or uncertainty as to the extent or scope of the intended exemption unless it is endeavored to give the provision the forced, highly technical application for which the appellant contends. As the learned circuit judge said,—

"This case presents the enigmatic picture where appellant insists that the statute is 'plain and unambiguous' and respondent insists that the statute is 'clear and unambiguous;' and yet the whole argument in this substantial lawsuit is over the meaning of the statute which both sides agree is 'unambiguous.' . . . The gist of the contentions, as we analyze them, may be summarized as follows: Appellant argues for a construction of 71.60 (6) as it was passed in chapter 505, Laws of 1935, and before amendment. Respondent argues for a construction of 71.60 (6) as it exists after the amendment by chapter 552, Laws of 1935. . . . Before the amendment, a Wisconsin holding company was not required to pay a privilege dividend tax if its business consisted of receipt of dividends and distribution thereof. The amendment changed that tiny word 'if' and substituted to the extent of receiving dividends from which a privilege dividend tax has been deducted. That simple but potent change compels the affirmance of the assessment, in our judgment. . . . Clearly, as 71.60 (6) stood before amendment, Comet Company did not have to pay a privilege dividend tax if its dividends were derived from dividends received from another corporation. The amendment changed that situation and relieved it [Comet Company] from liability to pay a dividend tax only to the extent that it received dividends from which a privilege dividend tax had been deducted."

It is evidently the intent and purpose under the privilege dividend tax law, since the amendment of sub. (6) by ch. 552, Laws of 1935, to subject eventually to such tax all dividends declared and paid by a Wisconsin corporation out of income received by it as dividends paid by another corporation; but to avoid, in doing so, double privilege dividend taxation. To that end, to the extent that there has been theretofore deducted from a part of the dividend income received by a Wisconsin corporation a privilege dividend tax, that part is exempted from being again subjected to such a tax when it is distributed as part of the income out of which the Wisconsin corporation declares its dividends; but to the extent that part of its dividend income, which has not been previously sub-

jected to such a tax, is used by it in declaring and paying dividends the privilege dividend tax based thereon is not within the exemption provided in sub. (6) as finally enacted. The language used in sub. (6) does not grant an exemption of the entire dividend income received by a remittance from part of which a privilege dividend tax has been deducted. Instead it provides in effect that the exemption from such tax on dividends declared and paid out of its dividend income redistributed by a Wisconsin corporation shall be "to the extent" that its business "consists in the receipts of dividends from which a privilege dividend tax has been deducted and withheld." As in the absence of that provision Comet, as a Wisconsin corporation, would be liable for the privilege dividend tax of two and one-half per cent imposed by the act upon all dividends distributed by it to its stockholders during the period here involved, the purpose and effect of the provision is to accord an exemption from the tax only when the specific conditions exist. Even if the language in that exemption provision were ambiguous, it would be subject to the well-established rules of construction that tax exemptions, deductions, and privileges are matters purely of legislative grace and tax statutes are to be strictly construed against the granting of the same, and one who claims an exemption must point to an express provision granting such exemption by language which clearly specifies the same, and thus bring himself clearly within the terms thereof. *First Wisconsin Trust Co. v. Tax Comm.* 238 Wis. 199, 298 N. W. 595; *Will of Chafin,* 210 Wis. 675, 247 N. W. 325; *Milwaukee E. R. & L. Co. v. Tax Comm.* 207 Wis. 523, 242 N. W. 312; *Fitch v. Tax Comm.* 201 Wis. 383, 230 N. W. 37.

As there is nothing in the imposing provisions of the privilege dividend tax law which admits of the conclusion that the dividends declared and paid by Comet out of its dividend income are not within the scope of those provisions, and as the exemption under sub. (6) as finally amended, is applicable

only to the extent that the dividends paid by Comet were so declared and paid out of income received by it as dividends paid by Premier, from which the latter had deducted the privilege dividend tax (which, as stated above, was applicable only, in view of sub. (4) of sec. 3 of ch. 552, Laws of 1935, to dividends declared and paid by Premier out of income derived by it from business transacted and property located in Wisconsin), the assessment of $25,315.57 as the privilege tax on the declaration and payment of that part of the dividend paid by Comet out of the dividends received by it from Premier from which no privilege dividend tax had been deducted by the latter must be confirmed, as the trial court rightly determined.

*By the Court.*—Judgment affirmed.

BARLOW, J., took no part.