NORTHERN SUPPLY COMPANY, Plaintiff, vs. CITY OF MILWAUKEE, Defendant.*

*September 16—October 11, 1949.*

---

* Motion for rehearing denied, with $25 costs, on November 29, 1949.

510

For the plaintiff there was a brief by *Whyte, Hirschboeck & Minahan* of Milwaukee, and oral argument by *Roger C. Minahan*. *Albert F. Houghton* of Milwaukee of counsel.

For the defendant there was a brief by *Walter J. Mattison,* city attorney, *John J. Dolan,* first assistant city attorney, and *Harry Slater,* assistant city attorney, and oral argument by *Mr. Slater.*

A brief *amicus curiae* was filed by the *Attorney General* and *Harold H. Persons,* assistant attorney general.

FRITZ, J. The declaratory relief and judgment sought herein by plaintiff is an adjudication that certain personal property owned by it was entered improperly upon the assessment rolls of the city for the year 1949 because, as is claimed by plaintiff, ch. 567, Laws of 1949, is applicable to the assessments in that year for general tax purposes; and therefore, under provisions in ch. 567, said property of plaintiff was exempt from general property taxes for 1949.

The personal property owned by plaintiff, which is involved herein and is of the value of $7,600, was shipped into Wisconsin and stored in its original package prior to and on May 1, 1949, and thereafter in a commercial storage warehouse in the

city of Milwaukee; but the property was not so shipped and stored for transshipment. Pursuant to provisions in ch. 70, Stats., including the provisions in sec. 70.111 (10), created by ch. 63, Laws of 1949 (which became effective upon the publication thereof on April 30, 1949), the assessment of said property was duly entered at $7,600 on the 1949 assessment roll of the city as of May 1, 1949; and an objection thereto was filed by plaintiff on the third Monday of July, 1949, with the tax commissioner of the city. When that assessment was entered on the assessment roll as of May 1, 1949, there were in force and effect by the enactment of ch. 63, Laws of 1949, the provisions in sec. 70.111 and sub. (10) thereof which read:

Sec. 70.111 "The property described in this section is exempted from general property taxes: . . . (10) . . . Property shipped into this state and stored in the original package in commercial storage warehouses or on a public wharf, *for transshipment,* but no portion of a premises owned or leased by a consignor or consignee shall be deemed to be a public warehouse despite any licensing as such."

On the hearing of plaintiff's objection by the board of review of the city on September 8, 1949, a stipulation was agreed upon as to the facts stated above in respect to the nature, purpose, storage, and value of the property and the storage thereof in the original package, but *not for transshipment,* and the entry of the assessment on the assessment roll as of May 1, 1949; and the board of review announced its findings as to the stipulated facts and concluded that said personal property was duly and properly assessed as of May 1, 1949, and that the same was properly assessable under the provisions of ch. 63, Laws of 1949, and particularly sec. 70.111 (10) of said ch. 63; that the tax commissioner of the city has fully complied with all the provisions of law applicable to personal-property assessments for the year 1949; and that ch. 567, Laws of 1949, is inapplicable to said assessment of said property of plaintiff.

And thereupon the board ordered that the assessment made of said property and entered on the personal-property assessment roll as of May 1, 1949, is approved, ratified, and confirmed.

Plaintiff contends that said property was not subject to assessment and taxation in the year 1949, because of the enactment of ch. 567, Laws of 1949, which did not become effective, however, until after the official publication thereof on July 30, 1949. In said ch. 567 it is provided (so far as here material) :

"Section 1. 70.111 (10) of the statutes as created by chapter 63, Laws of 1949, is repealed and recreated to read: 70.111 (10) *Original Packages*. Merchandise shipped into this state and placed in storage in the original package in a commercial storage warehouse or on a public wharf shall while so in storage be considered in transit and not subject to taxation, but no portion of a premises owned or leased by a consignor or consignee shall be deemed to be a public warehouse despite any licensing as such."

Plaintiff contends : (1) That sec. 70.111 (10), created by ch. 63, Laws of 1949, was never in effect applicable to the property in question because of the subsequent enactment of ch. 567, Laws of 1949; (2) that said chapter should be given retroactive operation because the legislature did not intend to eliminate the provisions of the statutory exemption which existed under sec. 70.11 (37), Stats. 1947, prior to the enactment of ch. 63, Laws of 1949; and (3) that said ch. 567, Laws of 1949, was intended to be retroactive in its operation so as to overtake the assessment of the personal property in question which is conceded was made as of May 1, 1949.

Those contentions cannot be sustained. On May 1, 1949, plaintiff's property, which was in storage in the original package, *but not for transshipment,* was subject to the assessment made as of May 1, 1949, and as then entered on the city's personal-property assessment roll which the board of review rightly approved and confirmed. Under sec. 70.10, Stats. 1949, assessments of all real and personal property are to be

made as of the close of the first day of May of each year. And except in cities in the first class, such assessments are to be finally completed before the first Monday of July. By virtue of sec. 70.47 (7), Stats. 1947 (now renumbered sec. 70.47 (13) in ch. 101, Laws of 1949), in cities of the first class all objections to amounts or valuations of real and personal property are to be made in writing and filed with the tax commissioner on or before the third Monday in July, and unless such objections have been so filed no party is allowed in any action or proceeding to question the amount or valuation of real or personal property in the assessment rolls of such city. Sec. 70.50, Stats., provides that except in cities of the first class, the assessor shall on or before the first Monday in July deliver the assessment roll so completed and all the sworn statements and valuations of personal property to the clerk of the town, city, or village who shall file and preserve the same in his office. Since the decision in 1916 in the case of *Petition of Wausau Inv. Co.* 163 Wis. 283, 158 N. W. 81, (upon which plaintiff relies) sec. 70.10, Stats., was amended to provide that both real and personal property shall be assessed "as of the close of the first day of May in each year;" and it provides also that except in cities of the first class such assessment shall be finally completed before the first Monday in July. As personal property is assessed as of the first day of May, and was so assessed at the time of the *Wausau Investment Company Case, supra,* that decision is inapplicable in determining the present issues because, (1) that case was in relation to real property, as to which there was then no specific assessment date; and (2) because as the statutes are now constituted both real property and personal property are assessed as of the first day of May in each year.

But, even if the construction claimed by plaintiff were tenable, ch. 567, Laws of 1949, in no event could be made applicable to the assessments in the other localities of the state, because under secs. 70.10, 70.46 (2), and 70.50, Stats., the

work of the boards of review had to be fully completed prior to July 31, 1949, the date on which ch. 567, *supra,* became effective. Sec. 70.47 (7),—now renumbered 70.47 (13),— requires that in the city of Milwaukee objections to the amount or valuation of real or personal property shall be filed with the tax commissioner on or before the "third Monday in July." Consequently, the assessment must for all purposes be considered completed prior thereto because after that date an objector cannot be heard unless he has filed written objections. In the case at bar, no valid objections could be filed with respect to the personal-property assessment made under sec. 70.111 (10) (created by ch. 63, Laws of 1949), because such objections in order to be sustained under the stipulation in this matter would have to be predicated upon the assumption that ch. 567, *supra,* could be applicable. But as that chapter was not published until July 30, 1949, it was not in effect until July 31st, which was after the third Monday of July (viz., July 18th), which was the last day that objections could be filed. Even if in Milwaukee as a city of the first class the assessment of personal property was not fully completed as of May 1st, for all practical purposes the assessment procedure is complete, (1) either on the last Monday in June in each year under sec. 70.07, which declares that "in all cities of the first class the several assessors shall deliver their respective assessment rolls to, and file the same with the tax commissioner on the last Monday of June in each year, or as soon as practicable thereafter;" or (2) not later than the third Monday in July when a taxpayer feeling aggrieved is required to file his objections to the assessment under sec. 70.47 (7), Stats., as stated above. Obviously by that day the assessment must be completed in order for an objector to file objections, for if no assessment exists there is no basis for filing any objections. At all events, if the third Monday of July were the effective final date, it was prior to July 31st when ch. 567, Laws of 1949, became operative. In ch. 567 there is no pro-

vision whatever which expressly or even by inference suggests any intended retroactive operation of that enactment. If that had been the legislative intent there should have been a provision that the amendment shall apply retroactively to the current year's assessment. While ch. 567, Laws of 1949, restored some of the basic language originally incorporated in sec. 70.11 (37), Stats. 1947, ch. 567 did not re-enact the exact language of sub. (37) of sec. 70.11, Stats. 1947, but actually made a change in the context. Whereas, the provisions of sec. 70.11 (37) were introduced by the statement: "Merchandise placed in storage in the original package in a commercial storage warehouse . . . ," sec. 70.111 (10), as amended by ch. 567, Laws of 1949, provided: "Merchandise shipped into this state and placed in storage in the original package in a commercial storage warehouse . . . ." To the latter enactment was added this declaration, which was drawn from ch. 63, Laws of 1949 (sec. 70.111 (10) ) : ". . . but no portion of a premises owned or leased by a consignor or consignee shall be deemed to be a public warehouse despite any licensing as such." Thus it is evident that the legislature did not repeal sec. 70.111 (10) (as enacted in ch. 63, Laws of 1949) and substitute therefor the phraseology incorporated in sec. 70.11 (37), Stats. 1947. Nor did the legislature reinstate said sec. 70.11 (37). Sec. 370.03 (1), relating to "effect of repeals," provides:

"No law repealed by a subsequent act of the legislature is revived or affected by the repeal of such repealing act."

Ch. 567, Laws of 1949, was not of such force or effect so as to continue sec. 70.11 (37), Stats. 1947, in operation after it had expressly been revised and recreated by the legislature through the enactment of ch. 63, Laws of 1949. The general rule of law is that a statute conferring a new right will not be given such effect unless the intention that it be given such effect is clearly expressed. *Chicago, M. & St. P. R. Co. v.*

*Railroad Comm.* 187 Wis. 380, 204 N. W. 612. "Courts will not construe statutes so as to give them retroactive effect unless that purpose on the part of the legislature plainly appears." *In re Dancy Drainage District,* 199 Wis. 85, 92, 225 N. W. 873; *Building Height Cases,* 181 Wis. 519, 195 N. W. 544; 2 Lewis' Sutherland, Statutory Construction (2d ed.), p. 1157, sec. 641. Furthermore there is applicable in this case the rule that tax exemption statutes are to be strictly construed against the person claiming the exemption. *State ex rel. Wisconsin C. R. & I. Bureau v. Milwaukee,* 249 Wis. 71, 23 N. W. (2d) 501; *First Wisconsin Trust Co. v. Tax Comm.* 238 Wis. 199, 298 N. W. 595; *Bowman Dairy Co. v. Tax Comm.* 240 Wis. 1, 1 N. W. (2d) 905; *Ritchie v. Green Bay,* 215 Wis. 433, 254 N. W. 113. It follows that the defendant's demurrer to the complaint must be sustained.

*By the Court.*—Complaint dismissed.