TOWN OF ALBION, Respondent, vs. TRASK and another, Appellants.

*February 8—March 7, 1950.*

486

For the appellants there was a brief by *Jedney & Lund* of Black River Falls, and oral argument by *Eli S. Jedney.*

For the respondent there was a brief by *Perry & Drecktrah* and *Lester R. Johnson,* all of Black River Falls, and oral argument by *Mr. Johnson* and *Mr. Louis I. Drecktrah.*

FRITZ, C. J. It is conceded that the turkey poults were less than six months old when the assessment in question was made and that the brooder houses or coops were mounted on skids so as to be movable from one location to another. The determination of the issues raised in relation to that property depends upon the proper interpretation of pars. (a), (f), and (g) of sec. 70.11 (12), Stats., as to property exempt from taxation. So far as here material sec. 70.11 reads:

"The property in this section described is exempt from taxation, to wit: . . .

"(12) (a) The tools of a mechanic kept and used in his trade and farm, orchard and garden machinery implements and tools, actually used in the operation of any farm, orchard, or garden, or any new farm machinery, horse or power drawn, stocked and owned by a retailer, for farm use. . . .

"(f) Poultry not exceeding in value twenty-five dollars.

"(g) And all farm animals and fur-bearing animals born after the thirty-first day of December next preceding the day of assessment."

To these exemption provisions there are applicable the well-established rules of construction that,—

". . . tax exemptions, deductions, and privileges are matters purely of legislative grace and tax statutes are to be *strictly construed* against the granting of the same, and one who claims an exemption must point to an express provision granting such exemption by language which clearly specifies

the same, and thus bring himself clearly within the terms thereof." *Comet Co. v. Department of Taxation,* 243 Wis. 117, 123, 9 N. W. (2d) 620; and ". . . exemption from taxation, to be valid, must be clear and express, and that all presumptions are against it and should not be extended by implication." *State ex rel. Wis. C. R. & I. Bur. v. Milwaukee,* 249 Wis. 71, 74, 23 N. W. (2d) 501; *Northern Supply Co. v. Milwaukee,* 255 Wis. 509, 516, 39 N. W. (2d) 379.

As par. (f) of sec. 70.11 (12), Stats., expressly limits the permissible exemption to "poultry not exceeding in value twenty-five dollars," the defendants claim, in order to sustain their contention that their turkey poults are exempt from taxation, that they are not "poultry," but should be held to be "animals" or "fur-bearing animals" within the meaning of these terms as used in par. (g) of sec. 70.11 (12), Stats.; and that therefore they are exempt from taxation because they were born after December 31st next preceding the day of assessment. Neither defendants' claims in these respects nor their contentions based thereon can be sustained in view of the above-stated rules that exemption statutes are to be strictly construed. As is stated in Webster's International Dictionary (ed. 1901–1939), the term "poultry" is defined: "Any domesticated birds which serve as a source of food, either eggs or meat. In the order of their importance to man poultry includes, chickens, *turkeys,* ducks, geese, guinea fowl, pigeons, and pheasants." Likewise in Encyclopedia Britannica (14th ed.): "The term poultry includes fowls, ducks, *turkeys,* guinea hens, geese. . . ." As turkeys are thus usually included under the term "poultry," it is evident that the legislature probably intended to include turkeys under the term "poultry" in par. (f) of sec. 70.11 (12), by which the exemption from taxation is limited to "poultry not exceeding in value twenty-five dollars." But defendants contend it was the legislative intention that for the purpose of taxation under ch. 70, Stats., turkeys were to be considered "fur-bearing animals;" and that as such there is applicable to turkeys "born after the thirty-first day of December next

preceding the day of assessment" the exemption from taxation under par. (g) of sec. 70.11 (12), Stats., which is applicable to "fur-bearing animals." In determining whether any exemption of turkeys was created by said par. (g), the provisions therein must be strictly construed. Consequently if young turkeys instead of being poultry,—as they are generally considered to be under the above-quoted definitions of that term,—were intended by the legislature to be considered "farm" or "fur-bearing animals," and as such exempted by par. (g) of sec. 70.11 (12), Stats., from taxation, provisions to create such exemption would have to be stated more specifically and definitely instead of leaving the matter to a very doubtful construction. Defendants rely somewhat upon decisions in which the term "animal" has been given a broader interpretation under statutes relating to other matters than an exemption from taxation. In *Holcomb v. Van Zylen,* 174 Mich. 274, 140 N. W. 521, 44 L. R. A. (N. S.) 607, the court held that a turkey is an animal within the meaning of a statute rendering the owner of a dog liable for injury inflicted by it on sheep, swine, cattle, or other domestic animals. That interpretation cannot be deemed to be applicable to the words "farm animals and fur-bearing animals" in the provision as to the exemption from taxation under par. (g) of sec. 70.11 (12), which is to be strictly construed, in connection with the provision in par. (f) of that section in relation to the term "poultry" which includes turkeys, as stated above. As in said par. (f) there is the express limitation that the exemption on poultry shall be "not exceeding in value twenty-five dollars," it would be inconsistent to render that limitation ineffectual and void by holding that the subsequent provision in par. (g) in relation to the exemption of "fur-bearing animals" is also applicable to turkeys.

Defendants contend also that their brooder houses are exempt under par. (a) of sec. 70.11 (12), Stats., which exempts from taxation,—

"The tools of a mechanic kept and used in 'his trade and farm, orchard and garden machinery implements and tools, actually used in the operation of any farm, orchard, or garden, or any new farm machinery, horse or power drawn, stocked and owned by a retailer, for farm use."

The assessor did not assess the brooder equipment and stoves, because he considered them to be exempt. But the brooder houses are not items like the tools of a mechanic or farmer or his machinery implements or tools actually used in the operation of a farm, orchard, or garden. Because of the nature and movable character of the brooder houses they are like other similar items of personal property which are assessable in the absence of a specific tax exemption statute. As such statutes are to be strictly construed, defendants must prove, in order to sustain their contention that the brooder houses are exempt, that they are tools of a mechanic kept and used in his trade or farm, orchard or garden machinery implements or tools actually used in the operation of any farm, orchard, or garden. Because of the absence of sufficient proof to that effect defendants' contention cannot be sustained.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.

FAIRCHILD, J. (*dissenting*). The statute involved provides for certain exemptions: First, tools used by the farmer "orchard and garden machinery implements and tools, actually used in the operation of any farm, . . ." I am of the opinion that the brooder houses are as exempt as the stoves and other movable tools or equipment actually used in conducting the farm affairs.

The exemption statute excludes all "farm animals and fur-bearing animals" born after the 31st day of December next preceding the assessment. There is a provision in the statute that poultry not exceeding in value twenty-five dollars shall be excluded. This provides for their taxation if carried

over. This seems to me to be clearly the purpose to be seen in the arrangement of the statute when we consider that young horses and mules born after December 31st would be taxable after the time of the assessment but for the further provision which exempts them thereafter. The exemption is thus extended to "all horses, mules, wagons, carriages, . . . harnesses."

With relation to the exemption of the young turkeys, the loss during the exempted period is likely to be great. The income tax will take care of the profit if they mature to the state of taxable poultry, which, under the wording of the statute, would be after they have survived the exempted period, when in all probability they would have been disposed of and the avails passed to the jurisdiction of the income tax.

As to the brooder houses, they are used for a regular farm operation. The raising of poultry is a regular farm operation, and that equipment falls readily enough under the word "implements." We find support for this proposition in Webster's New International Dictionary (W. J. Harris ed., 1920), *State v. Justice of the Peace Court* (1936), 102 Mont. 1, 55 Pac. (2d) 691; and *Pellish Bros. v. Cooper* (1934), 47 Wyo. 480, 38 Pac. (2d) 607. In the last case cited the automobile of a taxi driver was held to be an implement used for the purpose of carrying on business. In the statute under consideration the legislature used both words "tools" and "implements," and it seems apparent that the legislature used the word "implements" in its broader sense. That it intended to exempt such movable equipment used in carrying on the operation of raising farm animals.