FALL RIVER CANNING COMPANY, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*March 7—April 8, 1958.*

For the appellant there was a brief by *Callahan & Arnold* of Columbus, and oral argument by *Carroll B. Callahan* and *E. Clarke Arnold.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

BROADFOOT, J.  The appellant claims the right to offset the net business losses of the four corporations that were merged with it, under the provisions of sec. 71.06, Stats. That section provides that if a taxpayer sustains a net business loss such loss may be offset against the net business income of the taxpayer the following year, and if not all used during the next fiscal year the remainder of such business loss may be offset against the income of the taxpayer the next following year.

The issue to be decided is whether the Fall River Canning Company is the taxpayer that sustained the net business loss that it deducted.  The appellant argues that a corporation resulting from a statutory merger is the same taxable entity as the separate corporations that were merged.  It relies upon certain language of the merger statute (sec. 181.06, Stats. 1949), and upon certain decisions of the federal courts, and those of other states.  Particular reliance is placed upon sub. (8) of said merger statute wherein it is stated that the several corporations shall be a single corporation after the merger, that the separate existence of all of the parties to the merger except the surviving corporation shall cease, and a further provision that the surviving corporation shall have all the rights, privileges, immunities, and powers of each of the merging corporations.  The Department of Taxation, on the other hand, contends that the appellant is not the same taxable entity as were the merged corporations that sustained

the net business losses. The department also cites certain federal decisions, but in particular relies upon the decision of this court in *Wisconsin Electric Power Co. v. Department of Taxation,* 251 Wis. 346, 29 N. W. (2d) 711.

We do not feel that the cases from other jurisdictions, nor the federal cases, are helpful in determining the issue before us. For the most part the federal cases where carry-over losses of merged corporations were allowed as deductions on federal income-tax returns dealt with the merger of wholly owned subsidiaries by a parent corporation. In *Libson Shops v. Koehler,* 353 U. S. 382, 77 Sup. Ct. 990, 1 L. Ed. (2d) 924, decided on May 27, 1957, the United States supreme court seems to have abandoned treating the merged corporations as the same taxable entity as its separate merging corporations and to have adopted a requirement of continuity of business enterprise as a prerequisite to permitting the deduction.

In the *Wisconsin Electric Power Co. Case, supra,* there were two public utility corporations organized under the laws of Wisconsin. The common stock of each was owned by a Delaware holding corporation. The corporations merged in 1938 under the provisions of sec. 196.80 (1) (c), Stats. 1937. The year after the merger the Wisconsin Electric Power Company, the surviving corporation, deducted federal income taxes owed by the generating company prior to the merger, and other items. These items were disallowed and the disallowance was affirmed by this court.

The appellant attempts to differentiate its situation from the *Wisconsin Electric Power Co. Case* because no carry-over of business loss was involved and because the merger was under a different section of the statute. It is true that the exact question was not presented in the two cases. However, there is language in the earlier case that is persuasive of the issue before us here. Some of the appropriate language follows (pp. 356, 357) :

"A merger or consolidation statute may expressly provide that all constituent corporations shall be continued in the surviving corporation. *United States v. Seattle Bank, supra* [321 U. S. 583, 64 Sup. Ct. 713, 88 L. Ed. 944]. However, there is no such provision in sec. 196.80 (1) (c), Stats. The merged corporation is divested of its estate, property rights, privileges, and franchises. It is 'without property with which to do business, and without the right lawfully to do business, [and] is dissolved by the operation of the law which brings this condition into existence.' *Rochester R. Co. v. Rochester*, (1907), 205 U. S. 236, 256, 27 Sup. Ct. 469, 51 L. Ed. 784. . . .

"It is true that under sec. 196.80 (1) (c), Stats., the surviving corporation succeeds to the liabilities and obligations of the merged corporation to the same extent as though it had incurred them in the first instance, but such a circumstance does not constitute the survivor as the corporation incurring the liabilities. Respondent, the surviving corporation, did not incur or pay them as taxes upon its business. It paid them as obligations of the old electric company, to which it succeeded. . . .

"We cannot agree that the deduction privilege granted by sec. 71.03 (4), Stats., passed to the respondent by virtue of the statutory language transferring to it 'the estate, property rights, privileges, and franchises' of the old electric company. It would require a specific and unambiguous provision to accomplish that result. *Comet Co. v. Department of Taxation* (1943), 243 Wis. 117, 9 N. W. (2d) 620. A general grant of privileges is insufficient to transfer such a statutory exemption. *Rochester R. Co. v. Rochester, supra.* The circuit court erred in allowing the deduction."

The procedure under the two statutes for the merging of corporations was essentially the same. In the case of the utilities, resolutions authorizing the merger were enacted and filed with the secretary of state. There followed by law a transfer of all the estate, property rights, privileges, and franchises of the merging corporations to the surviving corporation. The surviving corporation thereupon assumed all of the liabilities and obligations of the merged corporation.

The merged corporation then ceased to exist by operation of law. The plan of merger had to be approved by the public service commission. Under sec. 181.06, Stats. 1949, articles of merger were executed by all of the merging corporations and filed with the secretary of state. There was a transfer of all assets to the surviving corporation, an assumption of all liabilities of the merging corporations by the surviving corporation, and the merging corporations ceased to exist by operation of law. The decision in the *Wisconsin Electric Power Co. Case* established the status of merging corporations in this state. The merging corporations cease to exist by operation of law and but one entity, the surviving corporation, remains.

The rule as stated in *Comet Co. v. Department of Taxation,* 243 Wis. 117, 123, 9 N. W. (2d) 620, is as follows:

"Even if the language in that exemption provision were ambiguous, it would be subject to the well-established rules of construction that tax exemptions, deductions, and privileges are matters purely of legislative grace and tax statutes are to be strictly construed against the granting of the same, and one who claims an exemption must point to an express provision granting such exemption by language which clearly specifies the same, and thus bring himself clearly within the terms thereof."

That rule was firmly established in this state prior to the decision in the *Comet Co. Case* and it has been cited with approval since that time. There is no provision either in the merger statute or in sec. 71.06, Stats., that the merging corporations continue to exist in the surviving corporation. The corporate existence of all of the merging corporations except the appellant ceased by statute. From that time on the four merging corporations were "without property with which to do business, and without the right lawfully to do business." The appellant is unable to show by any language which clearly specifies the same the right to deduct the carry-over

losses of the merged corporations and therefore it is unable to claim the deduction. The merging corporations elected to forego this carry-over privilege when they chose to merge. The privilege is confined to the identical taxpayer who sustained the business loss and it is not to give a merging taxpayer a tax advantage over others who have not merged.

The right of appellant to deduct the subsidy rebates it paid was not argued separately on this appeal. The parties agreed that the decision of the issue of the right of appellant to deduct the business losses of the merging corporations will decide that issue. It is therefore unnecessary to discuss that question.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., took no part.