Estate of Greenwald: First Wisconsin Trust Company, Executor-Trustee, Plaintiff, v. Department of Taxation, Defendant. [Two appeals.]

*October 2—October 30, 1962.*

534

For the plaintiff there was a brief and oral argument by *George P. Ettenheim,* attorney, and *Ralph M. Hoyt* of counsel, both of Milwaukee.

For the defendant the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the briefs were *John W. Reynolds,* attorney general, and *Harold H. Persons,* assistant attorney general.

BROWN, C. J.  Testatrix Edith C. Greenwald died August 30, 1953, leaving an estate consisting entirely of personal property, primarily intangible personalty, appraised at $1,536,364.44.  In September, 1953, a document which later was admitted in the county court as her will was offered for probate.  Objections to the admission of the document to probate as her will were filed in October, 1953, by her nephew and subsequently by others.

Under the provisions of this document specific bequests included $127,000 in cash, a few items of personalty, and an additional $150,000 in trust for the benefit of William Podewils and his family.  The residue was to be distributed as follows: One fourth to the Milwaukee Foundation and three fourths to the First Wisconsin Trust Company in trust for Mt. Sinai Hospital.  Both the Milwaukee Foundation and the Mt. Sinai Hospital, Inc., are charitable corporations.  The document also named the First Wisconsin Trust Company as executor and as trustee of the Podewils and Mt. Sinai trusts.  It also provided that capital gains realized by the estate or the trusts should be treated as principal.

On October 7, 1953, the First Wisconsin Trust Company was appointed special administrator of the estate, and

letters of special administration were issued on that date. While the admission of the will to probate was still in litigation, on January 31, 1955, the county court ordered the special administrator to convert the majority portion of the securities into cash. Sales made pursuant to such order resulted in very substantial gains, which were realized prior to the admission of the will to probate and to the setting up of individual accounts for each beneficiary.

The will contest was finally concluded on December 29, 1955, by the county court's approval of a written stipulation. On that date the court entered judgment on claims and the document was admitted to probate as the will of Mrs. Greenwald. On the same day the court issued letters testamentary and letters of trust to the First Wisconsin Trust Company.

First Wisconsin Trust Company, as special administrator, seasonably filed Wisconsin income-tax returns for the estate for the years 1953, 1954, and 1955. The tax return for 1955 was made by the special administrator April 16, 1956. No income or capital gains were listed as distributable to any beneficiary. Subsequently the department made a small additional assessment for the year 1953 which was also paid. Upon these returns the tax was computed upon all income in the estate, including capital gains. The total Wisconsin taxes paid were $3,764.82 for 1953, $4,873.74 for 1954, and $50,564.88 for 1955. A large percentage of the tax paid for 1955 was on the capital gains realized during that year.

In January, 1956, the trust company, as executor, distributed $150,000 to itself as trustee of the Podewils trust, and it satisfied the specific legacies. On February 1, 1956, the executor transferred $900,000 to itself as trustee of the Mt. Sinai Hospital and delivered $300,000 to the Milwaukee Foundation. This is the first entry in the accounts of

either the special administrator or the executor that funds were transferred in trust or otherwise to the accounts of the charitable beneficiaries. Thereafter the trustee maintained a separate record concerning the corpus of the Mt. Sinai Hospital trust. In 1958 a final judgment was entered in the probate proceedings and a further distribution of $32,500 was made to the Milwaukee Foundation. The executor made a further distribution of $97,500 to itself as trustee of the Mt. Sinai Hospital trust.

On January 25, 1957, the executor-trustee filed a claim for refund of income taxes paid for the years 1953, 1954, and 1955 in the amounts of $1,723.28, $4,738.47, and $50,548.13 respectively. Its theory was that the only income which was taxable was income attributable to the Podewils trusts which would not include any income derived from capital gains. The taxpayer relies on sec. 71.08 (9), Stats., which provides:

"All nondistributable or contingently distributable income not distributed shall be assessed to the trustee in the same manner as income of persons other than corporations is assessed, except that the personal exemptions under sec. 71.09 (6) shall not be allowed to such trustee. There shall be exempt from such taxation any part of the gross income, without limitation, which pursuant to the terms of the will, deed, or other trust instrument creating the trust, is during the taxable year permanently set aside to be used exclusively by or for the state of Wisconsin or any city, village, town, county, or school district therein or any agency of any of them or any corporation, community-chest fund, foundation, or association operating within this state, organized and operated exclusively for religious, charitable, scientific, or educational purposes or for the prevention of cruelty to children or animals, no part of the net income of which inures to the benefit of any private stockholder or individual. Such exemption shall be operative retroactively except in those instances in which an assessment has become final and conclusive under the provisions of chapter 71."

The Department of Taxation denied the claim for refund of taxes paid for both the ordinary income and capital gains attributable to the Milwaukee Foundation bequest and the Mt. Sinai Hospital trust. The board of tax appeals affirmed the denial on the ground that no income was permanently set aside or paid over during any of the taxable years to the use of the two charities, and, therefore, such income during that period did not come within the exemption of sec. 71.08 (9), Stats.

Upon review brought by the executor-trustee, the circuit court for Milwaukee county reversed, in part, the decision of the board and held that the capital gains realized were the result of sales made pursuant to an order of the county court and to tax such income would be to penalize the charitable beneficiaries, and that the capital gains for the two charitable corporations were not taxable because there was insufficient evidence to support the board's holding that the capital gains were not permanently set aside for the two charities during the years 1953, 1954, and 1955. However, the court held that the ordinary income of the estate during the years 1953 through 1955 was still taxable. A refund of $50,102.07, which included interest, was ordered by the circuit court for the taxes imposed upon the capital gains. It is from the judgment incorporating this order the appeals are taken.

The issue is whether sec. 71.08 (9), Stats., exempts any of the income received or capital gains realized by the special administrator during a will contest lasting from 1953 through 1955, if under the terms of the will the residue of the estate would be distributed to a trustee for exclusive charitable purposes if, without more, the will is admitted to probate and letters of trust were issued near the end of 1955.

Ch. 71, Stats., is the Income Tax Act, and by sec. 71.08 (1), Stats., an estate is considered a tax entity since

every administrator is required to file an income-tax return for all of the income received by the decedent during that portion of the year covered by the return preceding the demise of the decedent, and for all receipts by him from the estate of the deceased during the year covered by the return if such receipts would have been taxable as income to the decedent had he survived. Thus, the special administrator is liable in tax for all the income received by it unless the income is clearly within the express language of an exemption provision. *Comet Co. v. Department of Taxation* (1943), 243 Wis. 117, 123, 9 N. W. (2d) 620; *Fall River Canning Co. v. Department of Taxation* (1958), 3 Wis. (2d) 632, 637, 89 N. W. (2d) 203. This rule of strict construction against the taxpayer likewise applies to provisions creating exemptions favoring charities. *Will of Chafin* (1933), 210 Wis. 675, 680, 247 N. W. 325; *Evangelical Lutheran Church v. Shawano County* (1949), 256 Wis. 196, 200, 40 N. W. (2d) 590.

Sec. 71.08 (1) through (6), Stats., concerning the taxing of income received by executors and administrators, does not contain an exemption of income received by them from property which ultimately goes to charitable organizations. Respondent desires to bring itself under the exemption statute of sec. 71.08 (9) to exempt the ordinary income and capital gains received by it as special administrator in 1955.

The legislative history shows that sec. 71.08 (9), Stats., applies only to certain designated trustees and in this case to trustees of charitable trusts.

In 1947 the Wisconsin legislature, by enacting Bill No. 152, A., exempted municipal trusts from the income-tax provisions. An amendment to this bill was introduced which would have exempted charitable trusts from the income tax laws but this amendment was not enacted into law. Neither the bill nor its amendment contained an exemption for es-

tates which would later become charitable trusts or charitable property.

An amendment to sec. 71.08 (9), Stats., was introduced in 1949 to exempt from income taxation trusts benefiting charitable organizations. This amendment passed but again nothing appeared in this amendment concerning the exemption of estates intended for charitable purposes. Thus if the legislature intended to exempt administrators and executors of such estates it would have expressly so provided, either in sec. 71.08 (9) or in the income-tax provisions directly relating to them.

Respondent relies on federal decisions in its construction of sec. 71.08 (9), Stats. These decisions, however, are interpreting sec. 162 of the Internal Revenue Code of 1939 which did contain an exemption provision referring specifically to estates as well as trusts. Sec. 642 of the 1954 Internal Revenue Code contains the same provision. The Wisconsin statute does not contain such a provision, and these cases must be distinguished upon that basis.

Respondent contends that the doctrine of relation back operates in the present case and that the charitable trust and charitable bequests became operative at the time of the death of the testatrix, August 30, 1953, and not when the will was finally admitted to probate, December 29, 1955.

Sec. 238.18, Stats., reads:

"WILLS MUST BE PROVED. No will shall pass either real or personal property unless it has been admitted to probate as provided in these statutes, or unless a certificate of assignment has been issued under sec. 310.075; and the admission to probate of a will shall be conclusive as to its due execution."

This statute has been interpreted to mean that "when a will is proven and allowed it relates back to and is effective from the time of the death of the testator, and is to be

treated as speaking from that moment." *Will of Marshall* (1940), 236 Wis. 132, 135, 294 N. W. 527.

But the doctrine of relation back does not apply to the taxation of income from estates. It has legal significance with respect to the time of the vesting of the interest of the beneficiaries of the will. Thus, the interest of the beneficiaries, as distinguished from the title, under the will here was vested as of the date of the testatrix's death and the trust created by the will became effective as of then. To apply the doctrine of relation back to income from estates would render the statutes taxing such income meaningless. For if the doctrine did apply there would never be a tax imposed on the personal representative because the right to the property and to the income would vest in the beneficiaries. Sec. 71.08 (1), Stats., however, makes the estate subject to an income tax, and the personal representative is responsible for its payment.

The law is well settled in this state that "the title to personal property does not pass from a deceased person to his heirs or anyone else without administration of such person's estate and a due assignment of the property by the personal representative of the deceased." *Estate of Leu* (1920), 172 Wis. 530, 532, 179 N. W. 796; *Peters v. Kell* (1960), 12 Wis. (2d) 32, 41, 106 N. W. (2d) 407; *McKenney v. Minahan* (1903), 119 Wis. 651, 97 N. W. 489.

The title to the property of the estate in question was vested in the special administrator from August 30, 1953, until it was duly assigned to the named beneficiaries. Thus, the special administrator has the right to the income earned by the estate during that period, and it is also liable for any income tax due thereon. The capital gains were realized by the special administrator soon after January, 1955.

The relation between the personal representative and the beneficiaries is that of a trust relation, *State ex rel. Peter-*

*son v. Circuit Court* (1922), 177 Wis. 548, 188 N. W. 645; *Will of Robinson* (1935), 218 Wis. 596, 261 N. W. 725, and for that reason respondent contends that a special administrator qualifies as a trustee under sec. 71.08 (9), Stats. The trust relation between the personal representative and the beneficiaries of the estate is one which is imposed by law and is not a charitable-trust relation as contemplated by sec. 71.08 (9).

Sec. 71.08 (9), Stats., provides that the gross income must be *permanently set aside during the taxable year* in order to qualify for the exemption. Respondent considers the income received by it as special administrator in 1955 met this requirement because the will was admitted to probate in that year, and the letters of trust were issued on the same day the will was admitted, December 29, 1955. Respondent's contention cannot be sustained because it overlooks the nature of the tax liability imposed on a special administrator for receipts from the estate. Under sec. 71.08 (1) (b) the receipts from the estate by the special administrator are "taxable as income to the decedent, had he survived," and not as income to the beneficiary, had it received the income. Therefore, the tax on the receipts by the special administrator is not deferred during the taxable year until such time the beneficiary is ascertained. There is no question that the decedent, Edith C. Greenwald, would have been taxed on the income received by the special administrator during 1955, and the admission of the will to probate and the appointment of an executor and trustee later in that year did not alter the tax liability of the special administrator.

The respondent contends, and the circuit court so held, that to tax the income received by the special administrator on the sale of securities pursuant to the mandate of the county court penalizes the two tax-exempt institutions. However, exemptions as well as deductions are matters of

legislative grace, and this court cannot grant the taxpayer an exemption if the legislature has not provided one. Since sec. 71.08 (9), Stats., does not afford an exemption to the respondent and the application of existing law does not result in one, this court is without authority to hold respondent free of its tax liability.

Therefore, sec. 71.08 (9), Stats., does not afford a tax exemption from income received by the special administrator during the years 1953, 1954, and 1955.

*By the Court.*—The circuit court's judgment not entitling respondent to recover taxes paid on ordinary income for 1953, 1954, and 1955 is affirmed.

The circuit court's judgment entitling respondent to a refund of the taxes paid on capital gains for 1953, 1954, and 1955, with interest at five percent per annum, is reversed.

Cause remanded for further proceedings not inconsistent with the opinion.