ROBERT P. RUSSELL, Milwaukee County Corporation Counsel
You have asked for my opinion as to whether sec. 70.11 (21) (a), Stats., provides an exemption from property taxation for pollution control facilities incorporated into new plants to be constructed, or whether the exemption is limited to pollution control facilities installed to abate or eliminate existing pollution sources. *Page 155 
Section 70.11 (21) (a), Stats., as affected by chs. 206, 276, 366 and 392, Laws of 1969, provides:
"70.11 Property exempted from taxation. The property described in this section is exempted from general property taxes:
* * *
"(21) (a) All property purchased or constructed with the approval of the committee on water pollution, department of health and social services, a city council, a village board or county board pursuant to s.59.07 (53) or (85), for the purpose of abating or eliminating pollution of surface waters or the air, and all property purchased or constructed with the approval of the department of resource development or the department of natural resources for the purposes of abating or eliminating pollution of the air or waters of the state, but only air and water pollution abatement property associated with income producing property may be exempt under this provision."
Tax exemptions, deductions and privileges are matters purely of legislative grace, and tax statutes are to be strictly construed against the granting of the same. Comet Co. v. Department of Taxation (1943),243 Wis. 117, 123, 9 N.W.2d 620.
However, a strict construction of the statutory exemption from taxation, while the general rule, neither requires an unreasonable construction nor that the narrowest possible meaning be given thereto, but envisages that a "strict but reasonable construction" will be applied. Columbia Hospital Association v. Milwaukee (1967), 35 Wis.2d 660,668, 151 N.W.2d 750.
For reasons discussed in this opinion, I believe that limiting the statute's application to existing pollution sources would defeat its legislative intent and be unreasonable. Accordingly, it is my opinion that the exemption also applies to pollution control facilities incorporated into new plants to be constructed. *Page 156 
It has been suggested that the statutory language of "abating or eliminating" and the absence of the word "preventing" in the statute presupposes that pollution must exist in fact before the exemption applies.
Such a strict interpretation would lead to the unreasonable alternative of encouraging new plants to be constructed without incorporating pollution control facilities therein. The new plant then would create a new source of pollution. Subsequently, pollution control facilities could be installed which then would be exempt from property taxation. Such a roundabout requirement to gain the benefit of the exemption not only would be unreasonable, but also contrary to secs. 144.04 and 144.555, Stats., which require approval by the Department of Natural Resources of all pollution control facilities to be constructed in the state.
There is no better way to eliminate pollution than to prevent its initial occurrence.
Section 70.11 (21) (a), Stats., was adopted from a report of the Natural Resources Committee (now Council) of State Agencies. The initial draft of Assembly Bill 21A which was adopted as ch. 183, Laws of 1953, was prepared directly from this report, according to the records of the Legislative Reference Library. That report expressed the following purposes for the proposed bill:
"To encourage the prevention of water and air pollution by allowing amounts paid for industrial waste treatment works and smoke elimination equipment and plant to be amortized at an accelerated rate for income tax purposes, and exempt such property from real and personal property taxes for a limited period.
"Whereas the state legislature recognized the benefits resulting to public health, welfare and recreation by the enactment of sections 144.51- 144.57, and 146.10 of the statutes; and
"Whereas one of the major problems in the abatement of surface water and air pollution is the construction and purchase of costly and nonproductive treatment plants, equipment and land by private individuals and corporations; and *Page 157 
"Whereas it is desirable to give impetus to the construction of pollution elimination plant:
"The following section be created."
Although the above quoted language did not appear in the bill draft itself, the recommended wording for sec. 70.11 (21) (a), Stats., from that same report did appear in substantially the same form in the enacted bill. Thus it appears that the wording of sec. 70.11 (21) (a), Stats., always was intended to incorporate within its meaning the purposes above quoted. Of particular significance is the fact that the use of the words "abating or eliminating" in the report and in the bill was intended to be broad enough in its scope so as "to encourage the prevention of water and air pollution." (Emphasis supplied)
An extensive note of the Legislative Council attached to the end of Assembly Bill 21A shows that the bill was offered to the legislature with this intent:
"This bill should have the following results:
"1. Assist the committee on water pollution, city councils and village boards in securing early compliance with their orders.
"2. Increase property values in the areas affected by desist orders.
"3. Eliminate conditions injurious to health.
"4. Aid in reestablishing fish and game habitat.
"5. Aid the economy in Wisconsin by keeping some of our basic industries sound."
My conclusion is consistent with these stated purposes.
In preparing this opinion no consideration has been given to constitutional or statutory issues other than those raised in your question.
RWW:APH *Page 158